FRANK JACOWICZ, PLAINTIFF-APPELLEE, v. THE DELA-WARE, LACKAWANNA AND WESTERN RAILROAD COM-PANY, DEFENDANT-APPELLANT.

Submitted July 6, 1914—Decided January 27, 1915.

1. Plaintiff was working in close proximity to the end of a railroad track maintained and solely under the management of defendant company. While defendant's servants were making an effort to couple cars on its line, the rear car was pushed off, causing injury to plaintiff. There was evidence to establish that defendant's servants knew the condition of things at the end of the line. It was conceded that no notice or warning of the movement of the cars was given by defendant's servants. *Held*, that defendant failed to perform the duty of exercising reasonable care toward plaintiff.

2. The defendant's contention that a duty rested upon the plaintiff's employer to give notice or warning of danger to his servant cannot exonerate the defendant from its failure to discharge a duty which the law has cast upon it.

3. If such a duty was likewise imposed upon plaintiff's employer, the failure to discharge such duty would not charge the servant with his employer's neglect so as to bar plaintiff's recovery against the defendant.

4. A workman, injured in an accident for which a tort-feasor, other than his employer, is responsible, does not lose his right of recovery against the tort-feasor by reason of having received compensation from his employer under the Workmen's Compensation act.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the appellee, *Michael Dunn* and *Charles B. Dunn.*

The opinion of the court was delivered by

KALISCH, J.   This is an appeal from the judgment on a verdict rendered in the Passaic Circuit, in favor of the plaintiff against the defendant company.

The plaintiff-appellee was in the employ of the Magor Car Company.  The plant of the company was adjacent to the main line of the defendant company, at Athenia.  The building used by the Magor company was a large shed, the entire front of which was open.  The business of the company was the making and repairing bodies of cars used by railroad companies for the carriage of freight.

The defendant company maintained a railroad track from its main tracks, which extended about half way into the shed where a traveling crane was located.  This track was used by the defendant company for the purpose of delivering material to the Magor company and to take away cars that were to be delivered, which were repaired or made by the Magor company.

The track was maintained by the defendant company, and solely under its management and control.  The plaintiff's work consisted of riveting bolts on the ends of the bodies of cars that were made or repaired by his employer, the Magor company, which car bodies rested on wooden horses elevated about three feet from the floor.

At the time the plaintiff was injured the following condition of things existed:  There was a car body resting on wooden horses almost in line with the defendant's track, and between three and five feet from the end of the track.  About two feet directly behind this car body and in line with it stood a second car body also elevated on wooden horses, and it was while the plaintiff was between the two car bodies riveting bolts on the second car body that he met with his injuries.  In front of the first car body and on the defendant's track stood three cars in a line, the rear one being at the end of the track.  It was while the defendant's servants were making an attempt to couple the cars to a train of nine other cars which was backed into the shed for that purpose, the rear car was

pushed off the rear end of the track with sufficient force so as to knock against the first car body which in turn was jammed against the second car body, at which the plaintiff was at work, crushing him severely.

There was evidence which tended to establish that the defendant's servants knew of the condition of things which then existed, before any attempt was made to back the train into the shed to couple the cars; they knew of the nearness of the car bodies to the end of the track and knew that the servants of the Magor Car Company were at work in and about the car bodies, and that they would be unaware of the approach of the train unless they had actual notice of it. It is conceded that no notice or warning was given by the defendant's servants, to the plaintiff of the approach of the train, nor is it claimed that the plaintiff had any notice or warning of the approach of the train on that track.

The appellant claims that this state of facts fails to show any duty owing by the defendant to the plaintiff which it omitted to perform and hence actionable negligence cannot be predicated thereon against it, and therefore the refusal of the trial judge to award a judgment of nonsuit, as requested, was error.

We think the facts show a failure on defendant's part to perform a duty which it owed the plaintiff, and that is, the failure to exercise reasonable care under the circumstances then prevailing.

The defendant's servants knew the nearness of the rear car to the end of the track and the nearness of the first car body to the rear car and the second car body to the first; they knew that men were at work at these car bodies and were in a position where they would be unable to take care of their own safety without notice or warning of an approach of a train on the track for the purpose of coupling the rear car, and where a slight use of force might send it against the car body immediately behind it and thus endanger the lives and limbs of men working in that vicinity.

Notwithstanding all this it is conceded by defendant that

no notice or warning was given by it to the plaintiff of the approach of the train.

The appellant's plea that a duty rested upon the plaintiff's employer to give notice or warning of danger to his servant cannot exonerate the appellant from its failure to discharge a duty which the law has cast upon it.

If, in fact, such a duty of giving notice or warning was likewise imposed upon the plaintiff's employer, the failure of the employer to discharge this duty would not charge the servant with his employer's neglect of duty so as to debar the servant's right of recovery against the defendant. Such a failure, by the master to discharge this duty owing to the servant, if there was any, may very well be the groundwork for an action by the servant against the master, but it cannot afford any legal excuse to the defendant for a failure to discharge its duty, resulting in an injury to the plaintiff.

We think, therefore, the motion for a nonsuit was properly denied.

The only remaining ground, urged for reversal, by counsel of appellant, is the refusal of the trial judge to direct a verdict for the defendant. The appellant claims that it was entitled to this direction because it appeared that the plaintiff had received compensation in a proceeding against the Magor Car Company, his employer, under the Workmen's Compensation act, for the injuries sustained by him, and for which the plaintiff executed a general release to the Magor Car Company; that the Magor Car Company was a joint tort-feasor and that a release to it operated in law as a release to the appellant.

The answer to this contention is twofold: In the first place the compensation paid by the Magor Car Company to the plaintiff was in discharge of an obligation springing from a statute and which may be properly termed a statutory contract between master and servant. By the terms of the statutory contract the servant was entitled to compensation irrespective of the fact whether the master was negligent or not. While no duty rested upon the plaintiff to give a release to

the Magor Car Company, the fact that it was given will not raise a presumption that it was given to the master to release it as a joint tort-feasor, in face of the fact that there was a proceeding pending in court against the master by the plaintiff, under the Workmen's Compensation act, and in which the amount of compensation had been commuted by the court to the sum of $800, and for which amount the release was given.

In *Newark Paving Co.* v. *Klotz,* 85 *N. J. L.* 432, affirmed on appeal by this court, at the June term, 1914 (86 *Id.* 690), it was held, that a workman, who was injured in an accident arising out of and in the course of his employment, for which a tort-feasor other than his employer was responsible, did not lose the right to compensation under the act of 1911 (*Pamph. L., p.* 134), by reason of a settlement with and release of the tort-feasor.

In the case at hand, it is true that the release was given to the employer and not to the tort-feasor, as in *Newark Paving Co.* v. *Klotz, supra,* but this difference in that respect does not in the slightest degree affect the applicability of the governing principle, relating to the legal effect of such a release adopted in that case, to the one under consideration.

In the second place, it appears from the record that it was a disputed question of fact, whether the Magor Car Company in anywise participated in the negligence which produced the plaintiff's injury.

The Magor Car Company denied that it did. The learned trial judge under proper legal instructions and to which no exception was taken submitted the question of fact whether the Magor Car Company, by an act of itself or by that of its servants co-operated with the negligent act of the defendant which produced the plaintiff's injury so as to constitute it a joint tort-feasor, and if it did find a verdict for the defendant, and the jury found as a fact, by their verdict for the plaintiff, that the Magor Car Company was free from any contributing fault.

For the reasons stated the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, TERHUNE, WILLIAMS, JJ. 13.

*For reversal*—None.