### M. J. BARLOW v. JOSEPH COTULLA.

No. 2359. Decided February 17, 1915.

**1.—Contract—Consideration.**

A written contract between the assignor and assignee of a note giving the latter a greater amount of the proceeds on its collection than he was entitled to under the previous verbal contract under which it was transferred to him is invalid when supported by no consideration additional to that secured to the assignor by the original agreement. (P. 39.)

**2.—Same—Case Stated.**

The holder of encumbered land sold part thereof, taking a note secured by vendor's lien for the purchase money, and transferred same to his debtor in consideration of the latter's verbal undertaking to release the part sold from the encumbrance of his own lien, which he accordingly did, and to credit such assignor on the latter's debt to him with the principal and interest of the transferred note when collected. A subsequent written contract between

the assignor and assignee of the note, based on no additional consideration, that the latter should retain the interest and credit the former only with the principal collected, was invalid for want of consideration, and no obstacle to a recovery by the assignor from the assignee of the interest collected by him on the note transferred, in accordance with the original verbal agreement.   (Pp. 38, 39.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from LaSalle County.

Cotulla sued Barlow and recovered.   The latter obtained writ of error on affirmance of the judgment on his appeal.

*C. L. Bass,* for plaintiff in error.

*Covey C. Thomas* and *Chas. Rogan,* for defendant in error.

Mr. Justice PHILLIPS delivered the opinion of the court.

Cotulla being indebted to Barlow in a large sum, secured by a lien upon land, sold a tract of the land to Hargus, receiving as part of the consideration the latter's vendor's lien note for $2596.15, payable to his order, three years after date, bearing 8 per cent interest.   Cotulla transferred this note to Barlow a few days after he received it, upon a verbal agreement with Barlow, as he contended upon the trial, that its principal and interest, when collected, should be applied upon his indebtedness to Barlow, and that in consideration for such transfer the latter would release his lien upon the tract conveyed by Cotulla to Hargus, so as to give Hargus an unencumbered title.   Barlow collected from Hargus the principal and interest upon the note, but refused to account for or pay to Cotulla the amount of the interest, the subject matter of the suit at the time of the trial, and for which amount Cotulla recovered judgment against him.

The date of the conveyance of the tract by Cotulla to Hargus was February 23, 1904.   Barlow executed a release of his lien upon that tract on February 26, 1904, reciting that Cotulla had that day endorsed to him the Hargus note.

The basis of Barlow's asserted right to the amount in controversy was an instrument in writing executed by Cotulla and himself, of date March 3, 1904, reciting that in consideration of Barlow having released his lien upon the tract conveyed to Hargus, he should collect the principal and interest of the Hargus note, at its maturity, credit Cotulla's indebtedness with the amount of the principal, and that he should have, as a consideration for releasing his lien on said land, all interest collected on the note.

Cotulla pleaded against this written instrument that the agreement it embodied was without consideration, since prior to its execution Barlow had already verbally agreed in consideration of the transfer to him of the Hargus note, then delivered to him, to release his lien upon the Hargus tract and credit Cotulla's indebtedness with the principal and interest of the note when collected; and that the note had been delivered to him with that understanding.

The trial court submitted to the jury the issue as thus made; which was resolved in Cotulla's favor.

If, prior to March 3, 1904, Cotulla had transferred to Barlow the Hargus note, and in that transaction it was understood between them that the consideration for such transfer was an agreement on Barlow's part to release his lien upon the land conveyed to Hargus, and credit Cotulla's indebtedness with the principal and interest of the note, when collected, it is apparent that the agreement expressed in the writing of March 3, 1904, was without consideration and of no effect, since it was not claimed by Barlow to have been supported by any other consid- eration moving from him than that it recited, namely, the previous release of his lien. It was not improper, therefore, for the court to submit the issue in that form, made, as it was, by Cotulla's pleading, and having support in the proof. The interest accruing upon the Har- gus note was originally the property of Cotulla. Barlow had no right to it unless Cotulla agreed that he should retain it in consideration for the release of the lien. The jury found that the instrument of March 3, 1904, which purported to invest Barlow with the right to it, was with- out any consideration to support it because Barlow had already obli- gated himself, in his previous acquisition of the note and in consid- eration for its transfer, to release his lien, which he had actually done, and to account to Cotulla for the principal and interest. That settled the matter. Cotulla v. Barlow, 115 S. W., 294.

The judgments of the Court of Civil Appeals and the District Court are affirmed.

*Affirmed.*