## INDEPENDENT EASTERN TORPEDO COMPANY V. FRED D. HERRINGTON ET AL.

No. 6531. Decided June 24, 1936.
Rehearing overruled July 22, 1936.
(95 S. W., 2d Series, 377.)

18

*Yancy, Spillers & Brown,* of Tulsa, Okla., *Ben J. Dean,* of Breckenridge, and *Black & Graves,* of Austin, for plaintiff in error.

The statute in question operates as a limit upon the right and authority of the insurance carrier to dispose of a claim owned in part by the employee; it does not operate as a limitation on the right of the employee to himself dispose of his interest in the claim. An injured employee can adjust or compromise in any way satisfactory to himself his interest in a claim against a third person and he may assign the claim to any other person, including the insurance carrier, unaffected by any limitation contained in the Compensation Act. That Act prohibits his assignment of his claim for compensation but not his assignment of his claim for damages against a third person, arising under the common law as applied in this State and in no way depending upon the Compensation Act. Texas Jur., Vol. 5, pp. 5-20; Terrace v. Thompson, 263 U. S., 197, 68 L. Ed., 255, 44 Sup. Ct., 15; Buchanan v. Warley, 245 U. S., 60, 38 Sup. Ct., 16, 62 L. Ed., 149; Adkins v. Children's Hospital, 261 U. S., 525, 43 Sup. Ct., 394, 67 L. Ed., 785; Middleton v. Texas Power & Light Co., 249 U. S., 152, 39 Sup. Ct., 227, 63 L. Ed., 527.

*Caldwell, Gillen, Francis & Gallagher,* of Dallas, and *John Hancock,* of Fort Worth, for defendants in error.

Where the insurance company carrying the workmen's compensation insurance on an injured employee procures from him an assignment of his claim against the third party inflicting his injuries, which assignment shows that it was taken for the purpose of effecting a release of the said third party, and thereafter the insurer did effect such release by transferring the claim so assigned to said third party, said conduct on the part of the insurance company was an attempt to adjust or compromise such liability against such third party within the meaning of Section 6a of Article 8307, R. S. 1925. 59 C. J., 964; In re Robelen (Delaware), 136 Atl., 279; Hindman v.

Oregon Short Line Ry. Co., 32 Idaho, 133, 178 Pac., 837; Sharp v. State, 54 Ind. App., 182, 99 N. E., 1072; Employers Indemnity Co. v. Woods (Com. App.), 243 S. W., 1085; Fox v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit grew out of the accidental explosion of a time-bomb while in the process of being assembled for shooting an oil well. Injuries were inflicted upon Fred D. Herrington an employee of Texas Pacific Coal & Oil Company. Texas Pacific Fidelity & Surety Company was the compensation insurance carrier of the oil company. Independent-Eastern Torpedo Company made a contract with the oil company to shoot the well, and furnished the necessary materials and labor. Herrington was found to have been injured through its negligence.

Herrington collected his compensation insurance from the surety company in a sum slightly in excess of $5000. He subsequently filed suit against the torpedo company as the alleged negligent third party, and joined as its co-defendant the surety company praying as to it that it be required to set up its claim for all payments of compensation theretofore made plaintiff under its policy on account of his injuries. The surety company set up its right under the Workmen's Compensation Act to be subrogated to an interest in Herrington's cause of action. Upon trial the amount of Herrington's damages, on account of his injuries, was found to be $20,000. Judgment was rendered in favor of the surety company under its subrogation right for the amount of compensation it had paid Herrington, and in favor of Herrington for the balance of the $20,000. Upon appeal by the torpedo company the judgment was affirmed by a divided court; majority opinion, 59 S. W. (2d) 222; minority opinion, id. p. 1108. The torpedo company brings error.

It is not necessary to make a full statement of the case. We have considered fully the matters discussed in the majority opinion and approve its holding upon all questions discussed except one presently to be mentioned.

The torpedo company alleged as a defense to Herrington's suit both by way of exception and pleadings on the merits that it had acquired by assignment from Herrington's assignee, the surety company, the cause of action declared upon.

It is apparent that if the assignment by Herrington of his claim to the company is valid he did not own the cause of action upon which his suit is based and that the defense interposed is complete.

The trial court entered a general order sustaining the exceptions to the paragraphs of the torpedo company's answer alleging as a defense the pleaded assignments of Herrington's cause of action. A majority of the Court of Civil Appeals held the ruling of the trial court to be correct, upon the ground that the assignments were void because made in contravention of the Workmen's Compensation Law, particularly the concluding provision of section 6-a of Article 8307, R. S. 1925, which section reads:

"Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law; but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. *The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof.*" (Our italics.)

The torpedo company's assignment of error upon which the writ was granted complains that:

"The Court of Civil Appeals erred in holding that the trial court correctly sustained an exception to appellant's pleaded defense based upon the assignment by appellee of his claim to the insurance carrier and the subsequent assignment by the insurance carrier of the same claim to the appellant because

it was not alleged that the approval of the Industrial Accident Board had been secured."

We are met at the threshold of a review of the case with the contention by Herrington that the foregoing assignment of error is insufficient, and does not identify the specific ruling sustained by the Court of Civil Appeals, alleged to be erroneous. The torpedo company contends that the assignment is sufficient to complain of the general ruling of the trial court on the exceptions to the pleaded defense based upon Herrington's assignment of his claim, and that the reason stated in the assignment of error does not limit the complaint.

The ruling of the trial court which the Court of Civil Appeals sustained, was upon five exceptions. The exceptions are designated as special, but are in effect general as applied to the pleaded defense against which they were leveled. They present in varying forms reasons for the alleged invalidity of the assignment of the claim by Herrington. Four of the reasons relate to the failure of Herrington to allege the Industrial Accident Board's approval of the assignment of his cause of action; the other, to a want of consideration for the assignment. The order of the trial court sustaining the exceptions to the pleaded defense is general, its effect being a denial by the court that any of the reasons pleaded against the exceptions were good.

■ The assignment of error alleges in terms that the Court of Civil Appeals erred, and states the specific reason upon which the allegation is based. It also identifies sufficiently the trial court's ruling, the sustaining of which is made the basis of Herrington's complaint, in that it is the only ruling made in response to the exceptions. In view of the liberal practice of the Supreme Court with respect to considering all assignments properly within its jurisdiction possessing the characteristics pointed out, we perceive no sufficient reason for refusing to consider this one, notwithstanding its language is subject to the criticism of being too restrictive to make clear the full scope of the ruling.

■ The assignment considered only within the narrow scope of the reason assigned for the incorrectness of the holding is sufficient to point out material error. We are not in accord with the conclusion reached by the majority of the Court of Civil Appeals with respect to the question presented, but are in agreement with the minority holding to the effect that the assignment by Herrington to the surety company is not invalid for lack of approval by the Industrial Accident Board.

■ Herrington had been paid for his injuries the full compensation provided by the act. The surety company hereafter referred to as the association, had become subrogated to Herrington's rights against the torpedo company to the extent of the amount of compensation paid him. His right of recovery for injuries negligently inflicted upon him by a third person was a property right which belonged to him. While the right is conferred by the compensation act upon the association to enforce in the injured employee's name or in its own name the liability of the negligent third person, he may nevertheless sue to enforce it if the association fails or refuses to do so. Houston Gas & Fuel Co. v. Perry et al. (Com. App.), 91 S. W. (2d) 1052. The cause of action burdened only by the right of the association to recoup itself for compensation paid, belonged to him not because of any provision of the compensation act but by virtue of common-law right.

Why should it be held that an assignment by him of this species of property more than any other should acquire the approval of the Industrial Accident Board in the absence of clear provision in the compensation act to that effect?

It is not contended that the employee's right to make such assignment is expressly denied by any provision of the act, but that there is an implied denial of that right in the concluding provision of section 6-a, supra.

■ An examination of this provision discloses that it expressly denies the association the right to *adjust* or *compromise* the liability of a negligent third person to an injured employee of the assured without the board's approval. The language by expressly denying a right to the association with respect to its subrogation right under the provisions of the compensation act does not imply any restraint upon the employee with respect to his common-law right. By the enactment of this provision the legislature made impossible in the absence of notice to the employee and a hearing by the board that the association in the exercise of its right to file and prosecute the suit should adjust or compromise it for an amount sufficient only to recoup the association for compensation paid and thus prevent the possibility that the employee realize on his common-law right to recover an excess above the amount necessary for recoupment. The compensation act confers upon the association a right of recoupment of compensation paid, but imposes upon it with respect to that right the restriction stated. The act confers upon the employee his right to recover compensation, but restricts his right with respect thereto by expressly prohibiting

him from assigning his claim therefor. Sec. 3, Art. 8306, R. S.
1925. Both restrictions have to do with compensation rights
arising under the provisions of the compensation act. The
right of Herrington to assign his claim here under considera-
tion is a common-law right. Since the act by no express pro-
vision imposes upon the injured employee any restriction with
respect to his claim under that right, the conclusion is inescap-
able that the legislature did not intend by implication to re-
strain the employee from assigning his claim.

■ One purpose of section 6-a, supra, was to make possible the
association's recoupment of compensation paid the injured em-
ployee. Another purpose as evidenced by the concluding pro-
vision of the section was to protect the employee in the enjoy-
ment of the fruits of his common-law right remaining after the
right of subrogation had been satisfied. Such is the apparent
twofold purpose of the provision. It is not, as suggested in the
majority opinion, solely for the benefit of the employee and
designed to protect him from his own improvidence.

There is nothing in the act that indicates a legislative intent
to enter the field dealing with the relation between an employee
and persons other than his employer; nor is there anything
indicating a purpose to affect the public policy of the state re-
lating to the right of persons to freely assign their causes of
action. The peculiar field of the act is to deal with the rela-
tion of employer and employee and its legal incidents.

It may be added that the record does not suggest the assign-
ment by Herrington of his claim was a part of any precon-
ceived plan to adjust or compromise the claim. Under the
pleadings it does not appear to have been connected in any
wise with the purchase of the claim by the association or the
sale of it by the association to the torpedo company. Such a
state of facts would of course present a very different question.

■ The minority opinion makes clear by its reasoning and cited
authorities that the right to transfer a cause of action is well
established in this State, and that the State's public policy is in
no wise contravened by permitting the transfer by an employee
of his cause of action against a third person to the insurance
carrier of his employer; and that the public welfare sought to
be preserved by a public policy is guarded by wholesome rules
which place upon a fiduciary such as the transferee becomes
in purchasing the injured employee's cause of action the burden
of showing good faith and fair dealing. We approve in its
entirety the minority opinion.

■ The erroneous holding of the Court of Civil Appeals must result in a reversal of its judgment unless by sustaining some other contention of Herrington proper to be considered we can affirm the judgment. It becomes our duty regardless of the fact that he filed no application for writ of error, to examine his brief filed in the Court of Civil Appeals to determine whether any counter proposition urged therein presents grounds of affirmance. Garcia v. Moncado, 127 Texas, 453, 94 S. W. (2d) 123.

Herrington contends by way of counter proposition that the trial court properly sustained his exception to the torpedo company's pleaded defense of his assignment of his claim to the association, on the ground that it appears therefrom that the assignment was without valid consideration.

The contention is not borne out by the record. It is alleged in the torpedo company's answer that the association "for a valuable consideration, and a valuable consideration other than that expressed in the assignment * * * and other than any payments that might have been due plaintiffs under the Workmen's Compensation Act," purchased from Herrington the claim in question.

It is recited in the copy of the assignment attached to Herrington's petition that "whereas first parties, C. O. Smith and Fred D. Herrington have elected to accept compensation to which they are entitled under the laws of Texas, and second party (the association) had advanced and paid to first parties certain moneys, benefits and other things of value and will continue to pay such benefits that first parties are entitled to under the compensation laws of the State of Texas as such payments become due; Now, therefore, in consideration of the premises all of which are hereby declared to be a good, valuable and adequate consideration, first parties hereby" assign and deliver to the torpedo company the claim in question.

The pleading is attacked by Herrington on the ground that it appears from the assignment that it is without any lawful consideration.

The contention made in support of this attack cannot be sustained. It appears from an examination of the quoted portion of the copy of the assignment that the consideration for which it was given, besides "certain moneys" and "benefits," was "other things of value," which were declared to be "a good, valuable and adequate consideration."

It appears from the statement of facts that all parties

agreed that Herrington was paid $5084.72 prior to filing the present suit, as compensation on account of his injuries.

■ Under well known principles of contract law the assignment relied upon by Herrington was void if without valid consideration. If the consideration actually paid was that which the association was already obligated to pay by reason of the compensation law, and no more, the assignment is without force and effect. Barlow v. Cotulla, 107 Texas, 37, 173 S. W., 874; Stone v. Morrison & Powers (Com. App.), 298 S. W., 538.

The exceptions to the sufficiency of the pleaded answer setting up the assignment were sustained by the trial court, the facts with reference to it have not been developed. Further discussion, in view of another trial, will be pretermitted.

The judgments of the trial court and Court of Civil Appeals are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court June 24, 1936.

Rehearing overruled July 22, 1936.