# DECEMBER, 1942

TRADERS & GENERAL INSURANCE COMPANY V. WEST TEXAS UTILITIES COMPANY ET AL.

No. 7942. Decided October 14, 1942.
Rehearing overruled December 2, 1942.
(165 S. W., 2d Series, 713.)

58

*Lightfoot, Robertson & Gano*, of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to overrule appellant's assignment claiming that when defendant paid claimant in settlement for the claim for damages with knowledge of appellant's right of subrogation, they both rendered themselves liable to appellant to the extent of its subrogation rights. Lancaster v. Hunter, 217 S. W. 765; Mitchell v. Dillingham, 22 S. W. (2d) 971; Wichita Falls Elec. Co. v. Chancellor & Bryan, 229 S. W., 649; 29 Tex. Jur., 733-738.

*Eskridge & Groce*, of San Antonio, for respondent, West Texas Utilities Company.

*L. D. Ratliff, Jr.*, of Spur, and *Aldridge & Aldridge*, of Farwell, for Jones et al.

On the right of subrogation. Holbert v. Safe Ins. Co., 114 W. Va. 221, 171 S. E. 422; Brown v. Vermont Mut. Fire Ins. Co., 83 Vt. 161, 74 Atl. 1061, 29 L. R. A. N. S. 698; Gloge & Rutgers Fire Ins. Co. v. Cleveland, 162 Tenn. 83, 34 S. W. (2d) 1059; Harris v. Allison, 11 S. W. (2d) 821.

*Andrews, Kelley, Kurth & Campbell*, and *Andrews, Baker, Botts & Wharton*, all of Houston, *A. L. Burford*, of Texarkana, *J. D. Dodson*, of San Antonio, *Charles C. Huff, S. W. Lancaster, Locke, Locke, Dyer & Purnell, John N. Jackson, Robt. B. Holland* and *J. L. Goggans*, all of Dallas, *Terry, Cavin & Mills*, of Galveston, *Thompson & Barwise, Walker, Smith & Shannon*, and *Allen & Gambill, all* of Fort Worth, filed briefs as amici curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Charles Jones, Jr., an employee whose employer carried compensation insurance, was injured in a truck accident in the course of his employment. He filed a claim with the Industrial Accident Board, claiming he was an employee either of L. L. Massey, whose compensation insurance carrier was Traders & General Insurance Company, or of R. W. McKinney, whose compensation carrier was American Agency Lloyds. An award in the employee's favor was appealed from but before the case

was tried the parties made a settlement of the claim whereby Lloyds paid the employee $2,000.00 and Traders & General paid him $850.00. It was stipulated in the settlement judgment that Lloyds waived its statutory right of subrogation under the Workmen's Compensation Act (Art. 8307, sec. 6a) and relinguished same to the employee, but that Traders & General retained its sugrogation rights. Further reference herein to Lloyds is therefore unnecessary. The insurance company will be referred to as Traders & General or the association and the utilities company as the company.

One of the trucks involved in the accident was owned by the company. After the compensation suit had been settled the injured employee sued the company as a third person tort feasor for $30,600 alleging that his injuries were caused by its negligence. He made Traders & General a party to the suit, alleging, among other things, the facts stated above with respect to the settlement of the appeal from the accident board's award. Traders & General filed its plea of intervention, setting up its rights of subrogation under the statute (sec. 6a, Art. 8307, R. C. S. 1925) and prayed for judgment against the utilities company and the injured employee for the amount of compensation it had wrongfully paid the employee, together with expenses. The case was tried and a judgment was awarded against the company and apportioned, $1,100.00 to Traders & General and $3,900.00 to the employee. The trial court, for reasons not material here, set aside the judgment on motion for a new trial; but before the cause was retried the alleged tort feasor and the injured employee, without the knowledge or participation of Traders & General, made a compromise settlement whereby the company paid the employee $1,500.00 for his claim of damages against it. Thereupon the employee, pursuant to the settlement agreement, dismissed his suit for damages against the company, the court reciting in the order of dismissal that it was without prejudice to the rights of Traders & General. Whereupon Traders & General amended its petition of intervention pleading the same negligence that was alleged in its and the employee's original petitions, and the same subrogation rights as alleged by it originally. Traders & General pleaded also as an additional ground of recovery the making of the settlement without its consent, participation or approval, and with the full knowledge of its right of subrogation, and prayed for judgment against both the company and the employee for the full amount due it under its subrogation rights.

The case was tried before the court without a jury upon intervenor's alleged cause predicated on the settlement and release. No testimony relating to the alleged acts of negligence on the part of the utilities company was offered, the second alleged cause of action being relied upon wholly by the intervenor. The trial court rendered judgment in favor of the company, which, upon appeal was affirmed. 156 S. W. (2d) 271.

Writ of error was granted on application of Traders & General on the proposition that "when the utilities company paid, and the employee received, $1,500.00 in settlement of his claim for damages, with knowledge of Traders & General's right of subrogation, they thereby rendered themselves liable to Traders & General, jointly and severally, to the extent of its subrogation rights.

We adhere to the view entertained when the writ was granted. The following is the subrogation section of the statute under which Traders & General's rights were alleged:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option preceed either at law against that person to recover damages or against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name *and for the joint use and benefit of said employee * * * and the association* the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee * * *, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee * * *. The association shall not have the right to adjust or comprise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof." (Italics ours).

The company's contention, which was sustained by the Court of Civil Appeals is that under the terms of the foregoing section of the statute no subrogation arises unless the injury is caused under circumstances creating a legal liability on the part of the third person tort feasor. The contention is, in other words, that until the alleged acts of negligence are judicially established against such tort feasor the association which has paid compensation to the injured employee, is in no position to assert its claim for subrogation. We cannot agree with this contention.

■ By plain provision of the statute in question an injured employee who has received payment of compensation for his injury from the association by virtue of the exercise of his statutory option to do so, can recover against the third person for its alleged negligence only that portion of the amount of damages sued for which is in excess of the amount of compensation paid by the association, together with the reasonable cost on the part of the association of enforcing same. It is well settled that unless "the association recovers a sum greater than that paid * * * by the association of the employee * * * together with a reasonable cost of enforcing such liability" the employee cannot recover, for there is nothing then remaining which is not absorbed by the recoupment by the association of the compensation paid the injured employee, and costs. Hanson v. Ponder (Com. App.), 300 S. W. 35; Texas Employers Ins. Ass'n. v. Brandon, 126 Texas 636, 89 S. W. (2d) 982; Houston Gas & Fuel Co. v. Perry, 127 Texas 102, 91 S. W. (2d) 1052; Independent Eastern Torpedo Co., v. Herrington, 128 Texas 17, 95 ·S. W. (2d) 377; Mitchell v. Dillingham, 22 S. W. (2d) 971, (wr. dis.). The money so paid by the company was in excess of the amount of compensation paid by the association to the employee and was in settlement of the alleged damage, and hence occupies the same place in the pending controversy as it would have occupied if the case had proceeded to judgment upon the established negligence of the alleged tort feasor.

■ The compromise settlement was made with full knowledge on the part of the settlors of the association's subrogation rights. While the alleged cause of action against the company belonged to the injured employee he owned it burdened "by the right of the association to recoup itself for a compensation paid * * *." Independent Eastern Torpedo Co. v. Herrington, supra. It is pointed out in Texas Fidelity Union Casualty Company et al v. Texas Power & Light Company, 35 S. W. (2d)

782, (wr. ref.) that such "right of subrogation has existence only in the terms of this statute (sec. 6a) and it can be enforced only as therein directed." It is also stated in the opinion that "the amount to be recovered" against the third person tort feasor is "to be appropriated between the parties as directed by the statute," that is, that the association first recoup itself out of the amount recovered, and that the excess only be paid to the injured employee. The money paid over to the employee therefore belonged, under the law, to Traders & General and both the company and the employee were charged with knowledge of that fact and had actual knowledge that Traders & General was asserting its subrogation rights in the cause at the time the settlement was made. The right of the association to reimbursement out of the first money paid is statutory; and in event the employee is permitted, without the consent of the association, to settle his claim against the alleged third person tort feasor, thus eliminating his further interest in the suit, the provision of the statute authorizing the insurance association to *enforce for the joint use and benefit of said employee and the association* the liability of such tort feasor, is thereby nullified. Such transaction between the employee and the association would contravene the legislative purpose, and is unlawful. The money belonging to Traders & General was wrongfully paid by the utilities company to the employee, who wrongfully received it, and both were thereby rendered liable to pay to Traders & General the amount of compensation theretofore paid by it to the employee, together with the costs of enforcement, including a reasonable attorney's fee therefor.

While the question presented has not been directly decided heretofore by this Court the principle upon which the decision is rested has been applied in somewhat analagous holdings with respect to the wrongful payment of money in Empire Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265; Allison v. Stanolind Oil & Gas Co., 133 Texas 540, 129 S. W. (2d) 267 and Shell Petr. Co. v. Tippett (wr. ref), 103 S. W. (2d) 448.

It is unnecessary to discuss the cases cited from other jurisdictions involving statutory provisions different from those contained in the above quoted section of our statute. Nor is it necessary, in view of what has already been stated, to discuss the opinion in Hartford Accident & Indemnity Co. v. Weeks Drug Store, 161 S. W. (2d) 153, now pending on application for writ of error, since we approve the order of the Court of Civil Appeals reversing and remanding the case. It

can be retried in conformity with this opinion to the extent its holdings may be applicable.

The holding in Eastern Torpedo Co. v. Herrington (supra), cited in the utilities company's supplemental brief, is not at variance with the holding herein, in that the transfer by the injured employee in that case (which was upheld) was made by him to the association, and therefore with its consent. The transfer by Herrington of his interest in a recovery against the third party tort feasor in no wise hampered the operation of the compensation statute, and was held to have been made in recognition of the burden created thereby on his cause of action.

The judgment of the courts below are reversed and the cause is remanded for trial in conformity herewith.

Opinion adopted by the Supreme Court October 14, 1942.

Rehearing overruled December 2, 1942.