## FORT WORTH LLOYDS v. HAYGOOD et al.
### No. 12283.

Court of Civil Appeals of Texas. Galveston.

April 12, 1951.

Rehearing Denied May 3, 1951.

Kemper, Wilson & Schmidt and Eugene J. Wilson, all of Houston, for appellant.

Helm & Jones and Albert P. Jones, all of Houston, for appellee Haygood.

Baker, Botts, Andrews & Parish and R. E. Keeton, all of Houston, for appellee Imperial Sugar. Co.

MONTEITH, Chief Justice.

This action was brought by appellee, Tom E. Haygood, in the District Court of Fort Bend County for the recovery of damages for personal injuries alleged to have been sustained by him while working in the plant of the Imperial Sugar Company at Sugarland, Texas, as an employee of the S. P. Braud Conveyor Service, which firm was performing work under a contract with the Imperial Sugar Company. Fort Worth

Lloyds intervened in the suit as the workmen's compensation insurance carrier for S. P. Braud Conveyor Service. It sought judgment for the sums it had paid Haygood as workmen's compensation benefits for the disability suffered by him as the result of the injury complained of.

Appellant, Fort Worth Lloyds, relies on five points of assigned error based largely on the contention that it was statutorily subrogated to appellee Haygood's right to recover against the Imperial Sugar Company to the extent of the compensation benefits paid by it to Haygood with its costs of enforcement, and that it was under no legal duty to judicially establish the negligence of the Imperial Sugar Company as a condition precedent to asserting its subrogation claim where the Imperial Sugar Company, with full knowledge of intervenor's claim, had paid $12,500 in disposition of the claim. Intervenor contends under its points of error that the Imperial Sugar Company, in purchasing Haygood's claim with knowledge of intervenor's statutory subrogation and without its consent, is guilty of the unlawful conversion of the funds claimed by intervenor and that in so doing it has perpetrated a constructive fraud on intervenor.

The record reflects that on June 21, 1949, Tom E. Haygood received personal injuries while working in the plant of the Imperial Sugar Company as an employee of the S. P. Braud Conveyor Service, and that Fort Worth Lloyds, as workmen's compensation insurance carrier for S. P. Braud Conveyor Service, had paid Haygood the sum of $7,139 as workmen's compensation benefits, under a judgment rendered in his favor in the District Court of Fort Bend County. Tom E. Haygood later brought this suit against Imperial Sugar Company for $50,000 damages for the injuries sustained by him while performing work on the premises. On September 25, 1950, during trial, the attorneys for appellee filed in the suit an agreement assigning and transferring their claim in said cause of action to Imperial Sugar Company for the sum of $12,500.

Three controlling issues are presented in this appeal: (1) Whether appellee, Tom E. Haygood, and Imperial Sugar Company are precluded by law from making any agreement with respect to Haygood's claim for damages at common law without the consent and joinder of Fort Worth Lloyds, carrier of workmen's compensation insurance for S. P. Braud Conveyor Service; (2) whether Fort Worth Lloyds may legally complain of the separate agreement consumated between appellee Haygood and his attorneys and Imperial Sugar Company under the facts in this appeal, and (3) whether intervenor, Fort Worth Lloyds, has a legal right to complain of the ruling of the trial court dismissing said cause for want of prosecution after it had declined to go forward with proof when tendered the opportunity of doing so by the trial court.

The agreement by Tom E. Haygood transferring and assigning his cause of action to Imperial Sugar Company is as follows:

"State of Texas

County of Harris

For and in consideration of the sum of Twelve Thousand Five Hundred Dollars ($12,500) this day paid to me, Tom E. Haygood, the receipt of which is hereby acknowledged, I do hereby sell and transfer to Imperial Sugar Company those certain interests described below, in all my claims and causes of action arising out of or connected with an accident which occurred on or about the 21st day of June, 1949, in the Imperial Sugar Company plant at Sugarland, Fort Bend County, Texas, resulting in serious personal injuries to me, including all claims against Imperial Sugar Company, claims against its agents, servants, and employees, and claims against all other persons, firms and corporations which had any connection with the conveyor installation work which was in progress at the time of such accident. The interests in said claims and causes of action which are hereby sold are all rights to levy execution, effect collection, or in any way secure or demand payment for my use and benefit, except for the sum of One Hundred Dollars ($100) in addition to the sum of Twelve Thousand and Five Hundred Dollars ($12,500) of which receipt is hereby acknowledged, upon or on account of any judgment which may be rendered in my favor against Im-

perial Sugar Company or any other party on account of said accident. I declare and represent that it is my express agreement and intention that this sale shall not in any manner affect the rights of Fort Worth Lloyds on account of its subrogation interests arising from payment of benefits and expenses in accordance with the Workmen's Compensation Act of the State of Texas, by reason of said accident, and I will continue to cooperate fully with Fort Worth Lloyds in the prosecution of suit in my name or at the request of Fort Worth Lloyds, in its name and for the joint use and benefit of Fort Worth Lloyds and myself, and in the enforcement and protection of its rights. I do warrant that I am the owner of all interests in such claims and causes of action except for the interest which has heretofore passed to Fort Worth Lloyds by operation of law, and I covenant for myself, my heirs, executors, administrators, successors, and assigns not to levy execution, effect collection, or in any way secure or demand payment for my use and benefit, except for the sum of One Hundred Dollars ($100) in addition to the sum hereby received, on account of such claims, and causes of action or any judgment thereon, and I do, for myself, my heirs, executors, administrators, successors, and assigns, agree to indemnify Imperial Sugar Company against any loss resulting from breach of this covenant, or the exercise or attempted exercise of any of the rights hereby sold, if any should occur.

This instrument states the entire agreement between me and Imperial Sugar Company.

/s/ Tom E. Haygood
Tom E. Haygood

"We, Helm & Jones and Cecil Baker, attorneys of record for Tom E. Haygood, approve and join in the foregoing agreement.

Helm & Jones and Cecil Baker
By /s/ S. M. Helm"

The agreement expressly provides that the assignment shall not in any manner affect the rights of Fort Worth Lloyds on account of its subrogation right arising from the payment by it of benefits and expenses to Haygood under the Workmen's Compen-

sation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and in the agreement Haygood expressly agreed to continue to cooperate with Fort Worth Lloyds in the prosecution of the suit in his name or, at its request, for the joint use and benefit of Fort Worth Lloyds and himself.

Article 6636, Revised Civil Statutes 1925, provides that the sale of a judgment, or any part thereof, of any court of record, or the sale of any cause of action, or interest therein, after suit has been filed thereon, shall be evidenced by a written transfer which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit, and that when said transfer is duly acknowledged, filed and noted, it shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not.

While the courts of this state have not, so far as we are advised, spoken upon the precise facts here involved, since said Article No. 6636 clearly implies that a judgment may be assigned and since there are, in so far as we have been able to ascertain, no statutory inhibitions against the type of an assignment of a claim involved in this suit, we are forced to the conclusion, under the facts in this record, in the absence of a finding of fraud by the trial court, that the assignment of this claim did not infringe the rights of intervenor, Fort Worth Lloyds. Said Article No. 6636 expressly provides that the written transfer of a claim shall be full notice and that it shall be valid and binding on all persons subsequently dealing with reference to a cause of action.

Appellant relies for relief upon the decision in the case of Traders & General Insurance Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713. The holding of the appellate court in that case is, we think, based on a state of facts different from those in the instant case. In the instant case the assignment of Haygood's interest was with an express provision that the subrogation rights of Fort Worth Lloyds would be preserved and respected

and with an obligation on Haygood's part to cooperate fully in the prosecution of the suit in his name. In the Traders and General case the agreement assigning the claim was made without the knowledge of the Traders & General and with the understanding that plaintiff's suit would be dismissed, while in the instant case it is undisputed that Fort Worth Lloyds had full knowledge of the negotiations leading to the assignment of appellee's claim.

Under above facts appellees had, we think, the legal right to make an agreement of the character here involved in the absence of a finding of fraud or overreaching on the part of appellees, as distinguished from making an agreement for the settlement of the suit.

We have carefully considered all assignments of error presented by the parties in their briefs and, finding therein no reversible errors, the judgment of the trial court will be in all things affirmed.