**SKELLY OIL COMPANY et al.,**
**Appellants,**

v.

**HOUSTON FIRE AND CASUALTY**
**INSURANCE COMPANY,**
**Appellees.**

**No. 5314.**

Court of Civil Appeals of Texas.

El Paso.

March 11, 1959.

Rehearing Denied April 1, 1959.

420

C. L. Swim, Chester E. Blodget, Tulsa, for appellants.

McDonald & Shafer, W. O. Shafer, Odessa, for appellee.

ABBOTT, Justice.

As a result of the death of Chester Lee Cozens, Houston Fire and Casualty Insurance Company paid to Donnie Lee Cozens (the wife) the death benefits provided by the Workmen's Compensation Act of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. Subsequently, Skelly Oil Company paid Donnie Lee Cozens $9,000 by way of settlement of any claim she might have against it as a result of the death of her husband. Houston Fire and Casualty Insurance Company brought suit under section 6a of Article 8307, Revised Civil Statutes of Texas, against Skelly Oil Company and Donnie Lee Cozens, to recover its compensation benefits theretofore paid. From a summary judgment in favor of Houston Fire and Casualty Insurance Company, appellant has brought this appeal.

On September 18, 1956, Chester Lee Cozens died as a result of injuries sustained while working on Skelly Oil Company's M. S. Doss Lease, Well No. 3, in Gaines County. Cozens, at the time of the injury, was an employee of Prince L. Murphy, a labor contractor, who carried a policy of workmen's compensation insurance covering his employees, with Houston Fire and Casualty Insurance Company. Cozens was a supervisory employee, and on the date in question received instructions from his employer to take two roustabouts and perform certain work on the Skelly lease. Cozens' employer, Murphy, furnished the necessary tools, kept the payroll, and deducted withholding tax and social security from his employees, including Cozens. At the time Cozens was injured, he was work-

ing in a fence-enclosed area and apparently was not under any close supervision of Skelly or its employees. The record does not reveal the cause of the injury to Cozens, but, as a result of the injury, Cozens died. A claim for death benefits under Workmen's Compensation was filed by the surviving widow, and she was awarded the full death benefits in the amount of $7,919.-94. This amount was paid by Houston Fire and Casualty Insurance Company under their policy with Prince L. Murphy, on December 6, 1956, with notice to Skelly Oil Company. On December 7, 1956 Skelly Oil Company paid the surviving widow $9,000 in settlement of any claim she might have against it, and further contracted with her to fully protect her against any subrogation claim Houston Fire and Casualty Insurance Company might assert. Thereafter, on February 19, 1957, Houston Fire and Casualty Insurance Company filed suit against Skelly Oil Company and Donnie Lee Cozens for the recovery of the $7,919.94 compensation paid, together with reasonable attorney's fees. Appellant filed a general denial, and then appellee filed a request for admissions of facts, which appellant answered. Appellee filed a motion for summary judgment, as did appellant, and the trial court heard both motions and considered the pleadings and affidavits, and then granted appellee's motion for summary judgment for $7,919.94 plus attorney fees of $2,000. From this judgment appellant brings two points of error:

(1) The error of the trial court in overruling and denying defendant's motion for summary judgment, because in so doing the trial court, in effect, erroneously found and held that Skelly Oil Company, as a special employer of the deceased, Chester Lee Cozens, was a third party as contemplated and defined in section 6a of Article 8307, V.A. T.S.;

(2) The error of the trial court in sustaining plaintiff's motion for summary judgment because, to do so, the trial court had to erroneously find, as a matter of law, that defendant Skelly Oil Company, as a special employer, was a third party as contemplated and defined in section 6a of Article 8307, V.A.T.S.

We believe Article 8307, section 6a, V.A. T.S., to be clear as to the subrogation rights of a subscriber to the Workmen's Compensation Act. The argument of appellant as to being found "a third party" must fail in the light of the above article, because appellant is admittedly "some person other than the subscriber", as contemplated in the Act; consequently, it was not necessary for the trial court, nor did it in its judgment, find appellant to be a "third party". We think that, under the holding in Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865, and the cases cited therein, there can be no doubt as to the position of appellant, Donnie Lee Cozens. Mrs. Cozens made claim to the subscriber, Houston Fire and Casualty Insurance Company, for the death benefits, and, after the award of the Industrial Accident Board, collected the full amount. The statute is definite as to the subscriber's right to recover the first monies paid under its subrogation rights. Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713; Texas Employers' Ins. Ass'n v. Texas & P. R. Co., Tex.Civ.App., 129 S.W.2d 746; Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971.

■■■ Appellants, Skelly Oil Company, contend as a matter of law that they were a special employer, and that as such they could not be a "third party". As stated above, Article 8307, section 6a, V.A.T.S., uses the term "other than the subscriber", and Skelly is admittedly other than a subscriber. Appellant could have used the defenses raised by special employer-special employee relationship claimed, had they been a subscriber, but those rights are not available to them. As stated in appellee's brief, for their right of subrogation to accrue, it was necessary that (a) "an injury occur for which compensation was payable under the law" and (b) "that same occur under circumstances creating a legal lia-

bility in some person other than a subscriber to pay damages on account thereof". The first condition was met by the application for death benefits, award of the Industrial Accident Board, and the payment of the award. Appellant paid Mrs. Cozens $9,000 for a general release from its liability, and, by doing this, lost the defenses that it might have used which, under the stated conditions, would satisfy the second. Traders & General Ins. Co. v. West Texas Utilities Co., supra.

Appellant reminds us that in an appeal from a summary judgment we are required to view the pleadings in a light most favorable to the appellant, and to resolve all conflicts in appellant's favor. We have done this, and, in view of the wording of Article 8307, section 6a, Vernon's Annotated Civil Statutes, we have reached the same conclusion reached by the trial court. Skelly Oil Company is one other than the subscriber, as contemplated in section 6a, Article 8307 and, as such, along with appellant Donnie Lee Cozens, is liable to Houston Fire and Casualty Insurance Company as adjudged by the trial court.

Finding no reversible error, the judgment of the trial court is, in all things, affirmed.