**McCANN CONSTRUCTION COMPANY,**
Appellant,

v.

**Andrew ROBERTS, Appellee.**

No. 17070.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 19, 1969.

Rehearing Denied Jan. 23, 1970.

Shannon, Gracey, Ratliff & Miller, and Harold A. Mueller and Wm. J. Fleniken, Jr., Fort Worth, for appellant.

Spurlock, Schattman & Mock, and C. Coit Mock, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Suit by plaintiff, Andrew Roberts, was for damages stemming from negligent tort on the part of the defendant, McCann Construction Company. Judgment against the defendant totalled $26,217.50, of which $22,150.00 was awarded to plaintiff Roberts and $4,067.50 to Liberty Universal Insurance Company, insurance carrier of plaintiff's employer. The insurance company had paid out this amount to and in behalf of plaintiff, and subrogation rights under the Texas Workmen's Compensation Act entitled it to recover of the defendant if plaintiff should prevail. By stipulation

the insurance company is absent as a party to the appeal.

The question posed is whether, in view of the form and provisions of the common law release executed by the plaintiff incident to the settlement of his claim for compensation under the Texas Workmen's Compensation Act, there had likewise been effected a release of the defendant, McCann Construction Company. That contention was presented to the trial court and rejected.

■ Before citing the language of the release executed incident to such settlement, approved and made a part of the judgment by the trial court in the antecedent suit of plaintiff against the Workmen's Compensation insurance company, we proceed on the premise that its language was sufficiently broad in scope to indicate a release of any and all persons who might be or become liable to plaintiff as the result of his injuries. Even with that done, however, it must be acknowledged that the case settled was one founded upon contractual rights. Plaintiff's right to compensation was a right to receive benefits which were payable independently of any negligence on the part of anyone; an entirely separate and different cause of action from one sounding in tort, as for negligent infliction of injury, though such injury be the reason for the existence of plaintiff's claim under the Workmen's Compensation law. Therefore the discharging language of the releasing instrument, executed at the time plaintiff settled his compensation claim, could only have been a mere incident to the main purpose of the release itself, and of no force and effect as applied to plaintiff's cause of action for tort against McCann Construction Company.

To such effect was the holding in Ridgeway v. Sayre Electric Co., 258 Pa. 400, 102 A. 123, L.R.A.1918A 991, Ann.Cas.1918D, p. 1 (1917), and in Jacowicz v. Delaware, L. & W. R. Co., 87 N.J.Law 273, 92 A. 946, Ann.Cas.1916B, p. 1222 (1915). See also L.R.A.1918A 996, Annotation: "Re-

lease of employer by acceptance of benefit of relief fund as affecting other tort-feasor".

Furthermore, relative to the matter of want of consideration as applied to any settlement other than plaintiff's contractual claim, see not only the language of the aforementioned Annotation, but also that in Independent Eastern Torpedo Co. v. Herrington, 128 Tex. 17, 95 S.W.2d 377 (1936), and Chapapas v. Delhi-Taylor Oil Corporation, 323 S.W.2d 64 (San Antonio Civ.App., 1959, writ ref., n. r. e.). In the receipt of the benefits accruing as result of the settlement of his compensation case plaintiff received no more than that consideration which was delivered in discharge of duty—as by the insurance company's payment of, or promise to pay, a valid judgment. This was no consideration at all as to which McCann Construction Company might claim benefit. There was a total absence of consideration in any additional respect.

■ Departing from what is written hereinabove, and treating it as matter deferred for future discussion, we remark that the state of the record is such that there is no question but that there was an absence of intention on the part of the parties to the compensation case, and the settlement thereof, to release the McCann Construction Company. Indeed, their intention was to the exact opposite. Such carrier was interested in and intended to press that portion of plaintiff's claim to which it was to be and did become subrogated,—and plaintiff was interested in the prosecution of his excess claim. Therefore, if the settlement contract—the release —was ambiguous, and such as entitled the trial court to resort to evidence other than the contract itself, there would be no doubt but that it would be properly construed contrarily to defendant's contentions.

We resort, therefore, to the language of the release in question. The most pertinent language thereof reads, as follows: " * * * and in consideration of such

payment, I do hereby release the Liberty Universal Insurance Company, Joe Adams & Son (plaintiff's employer), and all others that might be responsible for the happening of the accident, from any and all claims for compensation arising out of the injuries which I claim to have received while working for such employer on about July 10, 1963, and I do further expressly release the said parties from any claim for any doctor or hospital bill or medical bill in the future incident to any such future doctor, hospital or medical services because of the injuries claimed in this suit."

 Under the tests to be applied in the determination of the existence of ambiguity in a contract, particularly those considered by the court in Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154 (1951), we hold that there was ambiguity in the release.

For the variety of reasons, as above indicated, the proper judgment in the case was that rendered for plaintiff, and against the defendant.

Affirmed.

BREWSTER, J., not participating.