F. M. JOHNSON et al., Appellants,

v.

Felix and O. D. JOHNSON et al., Appellees.

No. 6354.

Court of Civil Appeals of Texas.

Beaumont.

June 16, 1960.

Charles K. Ruth, Lufkin, for appellants.

Thompson & Stripling, Nacogdoches, for appellees.

McNEILL, Justice.

This action was filed in the probate court of Nacogdoches County to contest the will of R. F. Johnson, deceased, and the contestants, appellants here, are the sons and daughters or the bodily heirs of the sons and daughters of R. F. Johnson, deceased, and his first wife. The proponents of the will in contest, or appellees here, are the sons of R. F. Johnson and his latter wife, Tinnie Johnson, deceased.

The will in contest was a joint will of Johnson and his second wife. He died in the year 1954 and the will was probated as his will in the county court on April 26, 1954, and his two sons, Felix and O. D. Johnson, children of Tinnie Johnson, qualified as executors thereof. Mrs. Johnson died in 1958 and the will was then offered by the executors for probate as her will.

The contest of the will as that of R. F. Johnson, deceased, was instituted April 23, 1958. It alleged that at the time R. F. Johnson executed the will he was old, senile and incapable of making a will, that he was caused to do so by undue influence of the beneficiaries in the will, and that it was not executed with the formalities and solemnities required by law. Appellees filed an answer to this contest which contained a special exception and general denial. In addition, appellees filed their motion for judgment in the probate court which alleged, among other things, that since the new probate code became effective January 1, 1956, Section 93, V.A.T.S. thereof providing that a contest to a will which has been admitted to probate may be instituted within two years and not afterward, and appellants having failed to file contest until April 23, 1958, their cause of action, if any they had, was barred by this Section 93 as a matter of law. The county court sustained this motion and the cause was appealed to the district court and the motion for judgment having been amended so as to constitute one for summary judgment, was urged again and the district court sustained the motion, and dismissed appellants' contest. The trial court filed findings of fact and conclusions of law in support of his judgment. In his conclusions of law it was recited that the will of R. F. Johnson having been duly probated April 26, 1954 a contest thereof filed on April 23, 1958 was barred by virtue of Rule 93 of the Probate Code.

Appellants are here on two points, the first urging that the trial court erred in concluding as a matter of law that the contest filed on April 23, 1958 was barred by Rule or Section 93 of the Probate Code. The second point urges that there were certain fraudulent representations made to appellants by the executors of R. F. Johnson's will which caused them to not sooner file the contest. In view of our conclusion upon the law affecting this proceeding the second point becomes immaterial.

Appellants have submitted argument urging that Art. 5534, R.S.1925, providing for a period of four years in which to con-

test the will should apply in this case. They urge that Section 93 of the new probate code should be construed to operate prospectively and not retroactively, and cite the case of Slate v. City of Fort Worth, Tex.Civ.App., 193 S.W. 1143, in support of this proposition. They urge that their cause of action having accrued when R. F. Johnson's will was probated on April 26, 1954 they had four years therefrom in which to file contest. They argue alternatively that if Section 93 of the Probate Code has retroactive application nevertheless they would be entitled to a reasonable time in which to file their contest and that they filed their contest within such time. They cite on this point the case of Highland Park Ind. Sch. Dist. v. Loring, Tex. Civ.App., 323 S.W.2d 469. Appellees have also presented their view of the question briefed by appellants and also contend that Sec. 93 controls the disposition of this case.

While neither brief refers thereto, it is our opinion that Sec. 2 of the new probate code and especially Subdivision (b) thereof contains the law controlling this case. The caption of Sec. 2 reads: "Effective date and Application." This forecasts answer to the question presented. Subdivision (a) thereof makes the code effective January 1, 1956. Subdivision (b) reads in part:

"(b) Rights Not Affected. No act done in any proceeding commenced before this Code takes effect, and no accrued right, shall be impaired by the provisions of this Code. When a right is acquired, extinguished, or barred upon the expiration of a prescribed period of time which has commenced to run by the provision of any statute in force before this Code takes effect, such provision shall remain in force and be deemed a part of this Code with respect to such right."

The word "right" as used in this subdivision includes "cause of action," and the language "and no accrued right, shall be impaired by the provisions of this Code" indicates that causes of action existing at the time the code went into effect should exist for the period theretofore provided. This is spelled out in the next succeeding sentence. Since limitation upon the cause of action asserted by appellants "has commenced to run * * * before this Code takes effect, such provision shall remain in force and be deemed a part of this Code with respect to such right." This language makes Art. 5534 providing that suit may be filed to contest a will within four years from its probate applicable to the present case. As to rights and causes of action the period of limitation for which had not only been commenced but had been completed, thus barring assertion of the right, there was no need for protection in Subdivision (b); a repeal of the applicable statute would not affect the vested right to plead the bar thereunder. Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249. The object of the quoted portion of the Subdivision was to preserve those rights for the period of time then existing against which such limitation, or other prescribed time, had commenced to run but had not extended for the full time before the Code took effect.

There would be no need for extending this opinion except that appellees cite and rely upon the late case of Fortinberry v. Fortinberry, Tex.Civ.App., 326 S.W.2d 717, which appears at first glance to apply Sec. 93 of the Code to the filing of a contest to the will of one Dudley Fortinberry under circumstances somewhat similar to the present. There testator died in August, 1937; his will was probated as a muniment of title November 12, 1946 by his son who had purchased property from his widow, the beneficiary in the will. The contest of the will was filed by another son on January 8, 1958. While the court cited both Sections 31 and 93 of the Code as proscribing contests after two years, since the contest was filed 11 years after probate of the will it was really not material whether the 4-year or 2-year statute ap-

plied and it is doubtful that the court gave particular consideration to the question presently confronting us. That the court mentioned the fact contestant learned or discovered in March, 1954, of the probate of the will is of no consequence since there is no statement in the case that fraud existed under circumstances set forth in Art. 5536, R.S.1925, or Sec. 93 of the new code, suspending the running of the statute until such fraud is discovered. In any event, we do not think the case authoritative on the point cited.

Believing the trial court erred in granting appellees' motion for summary judgment, its judgment is set aside and the cause is reversed and remanded.