Elva Vera **DILLINGHAM** et al., Appellants,

v.

**WEST TEXAS UTILITIES COMPANY**
et al., Appellees.

No. 4052.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1966.

Rehearing Denied June 3, 1966.

Huffaker & Green, Calloway Huffaker, Tahoka, Loren Williams, Albany, for appellants. McMahon, Smart, Sprain, Wilson & Camp, Hugh Rives, Jr., Abilene, for intervenor, Texas Employers' Ins. Ass'n.

Wagstaff, Alvis, Pope, Doscher & Charlton, J. Henry Doscher, Jr., Abilene, for appellees.

WALTER, Justice.

Mrs. Elva Vera Dillingham and her minor daughters filed suit against West Texas Utilities Company for the wrongful death of Bennie Everett Dillingham, the husband of Mrs. Dillingham and father of the minor plaintiffs. Texas Employers' Insurance Association intervened. The plaintiffs, the defendant and the intervenor made the following stipulation:

"IT IS HEREBY AGREED AND STIPULATED between all parties, acting by and through their respective attorneys, that Texas Employers' Insurance Association, intervenor in the above styled and numbered cause, has paid and is obligated to pay in the future to the plaintiffs workmen's compensation benefits in the sum of

$11,864.31 and has paid emergency medical in the amount of $10.00 and funeral expenses in the amount of $500.00.

IT IS FURTHER STIPULATED AND AGREED that in the event plaintiffs do recover of the defendants any sum of money in the captioned cause, then in that event, Texas Employers' Insurance Association, by reason of its intervention herein, shall be entitled to judgment in the amount of $12,374.31 out of the moneys first recovered by the plaintiffs."

West Texas Utilities filed a general denial, pleaded contributory negligence, assumed risk and unavoidable accident. The first record of an offer of settlement by the utilities company is found in plaintiffs' motion as follows:

"The plaintiff would show that there has arisen a conflict of interest and issues between the plaintiff and intervenor that should be settled and disposed of prior to the trial of this case on the merits, so that the rights of all parties hereto will and can be protected. In this connection the plaintiff would show that the defendant, West Texas Utilities Company, has made an offer in compromise to settle all issues and liabilities growing out of the death of the said Bennie Everett Dillingham for the sum of $17,500.00."

In answer to plaintiffs' motion, the intervenor alleged:

"That if the cause of action asserted by the Plaintiffs and adopted by the Intervenor against West Texas Utilities Company can be settled for the sum of Seventeen Thousand Five Hundred and No/100 Dollars ($17,500.00), the Intervenor is willing that the cause of action so asserted be so settled and that the sum of Seventeen Thousand, Five Hundred and No/100 Dollars ($17,500.00) be deposited into the registry of this Honorable Court pursuant to an agreed judgment whereby West Texas Utilities Company is fully and finally released by both Plaintiffs and Intervenor and that upon such judgment and payment of same, this Honorable Court then apportion the funds so deposited between the Intervenor and the plaintiffs according to the laws of the State of Texas."

Plaintiffs filed a motion to sever the cause for determination of rights and the issues raised in their original petition. It is from the order overruling plaintiffs' motion for a severance and their motion for determination of rights between plaintiffs and intervenor that this appeal has been perfected.

Appellants contend that the court erred (1) in refusing to sustain their petition for determination of rights and in refusing to order the parties to settle and determine the amount of the settlement that should be awarded to the appellants and the insurance company; (2) in refusing to order the insurance company to prosecute their cause of action, at its expense; (3) in not requiring the insurance company to indemnify them for their just proportionate part of the settlement offer in the event the utilities company should win the law suit; (4) in not authorizing the appellants to enter into a covenant not to sue the Utilities Company; (5) in not holding that the offer of settlement should be accepted by the appellants and the intervenor and in not allowing the appellants' attorney one-third of the recovery to be charged against intervenor's portion of the settlement.

■ The cause of action against the Utilities Company for the wrongful death of Mr. Dillingham belonged to the appellants, burdened only with the right of the intervenor to recover the amount of compensation paid by it to appellants. Independent Eastern Torpedo Company v. Herrington (1936) 128 Tex. 17, 95 S.W.2d 377.

The Uniform Declaratory Judgments Act, Article 2524–1, Section 6, provides the

court may refuse to render a declaratory judgment when it would not terminate the controversy. What is the controversy? Appellants in their motion to sever say:

"The controversy has arisen over the fact that Texas Employers' Insurance Association is claiming that under Article 8307 Sec. 6a that it is entitled to the approximate sum of $12,000.00 out of the first monies received in any settlement agreement. The said Texas Employers' Insurance Association has refused to enter into any such settlement negotiations unless and until it has been fully paid said sum of money."

 The Utilities Company attorney testified that, if all parties furnished him with proper releases, he was authorized to pay $17,500.00 for the purpose of compromising and settling the case. Before the appellants will accept such offers and settle, subject to the approval of the court in so far as the minor appellants are concerned, they have, in effect, asked the court for an advisory opinion on a hypothetical question. The parties have stipulated how the money should be apportioned, "in the event plaintiffs do recover of the defendant any sum of money—" However, this case is not ripe for review under the Uniform Declaratory Judgments Act because appellants are seeking an advisory opinion on an abstract question. The Supreme Court of the United States in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 324, 325, 56 S.Ct. 466, 472, 473, 80 L.Ed. 688 at pages 698 and 699 said:

"The pronouncements, policies and program of the Tennessee Valley Authority and its directors, their motives and desires, did not give rise to a justiciable controversy save as they had fruition in action of a definite and concrete character constituting an actual or threatened interference with the rights of the persons complaining. The judicial power does not extend to the determination of abstract questions. * * *

The Act of June 14, 1934, providing for declaratory judgments, does not attempt to change the essential requisites for the exercise of judicial power. By its terms, it applies to 'cases of actual controversy', a phrase which must be taken to connote a controversy of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts."

We have considered all of appellants' points and find no merit in them.* They are overruled.

The judgment is affirmed.