Lorene ROBINSON et vir., Robert E. Robinson, Appellants,

v.

BUCKNER PARK, INC. and S. S. Kresge Company, Individually and d/b/a K-Mart, Appellees.

No. 19071.

Court of Civil Appeals of Texas, Dallas.

Feb. 8, 1977.

Rehearing Denied March 10, 1977.

Will Barber, Dallas, for appellants.

Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellees.

AKIN, Justice.

■ Lorene Robinson, appellant, sustained an injury on June 2, 1973, allegedly resulting from negligent maintenance of property owned by appellee Buckner Park and leased to appellee S. S. Kresge Company. Mrs. Robinson settled a workmen's compensation claim arising out of the incident, which settlement was approved by the Industrial Accident Board on January 23, 1974. This third-party action was filed on January 5, 1976. A motion to dismiss alleging that the action was barred by the statute of limitations was filed, and the trial court dismissed the cause "with prejudice."[1] Because we hold that the action was not barred, we remand for trial on the merits.

■ Prior to the amendment of the workmen's compensation statute, Tex.Rev. Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp. 1976), effective September 1, 1973, an employee whose injury was subject to compensation under the statute was required to proceed with the compensation claim before he could assert a third-party action. *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974). A corollary to this requirement was that where a successful claim was made for compensation, the statute of limitations did not begin to run until the compensation claim was settled. *Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932, 934 (Tex.1972). However, the amendment to article 8307, § 6a specifically eliminated the

---

1. Although appellant does not raise on this appeal the propriety of the trial court's "dismissal" of this cause on appellee's unsworn motion without hearing evidence and without utilizing the summary judgment process, a plea of limitation is an affirmative defense in that it goes to appellant's right to recover and cannot, therefore, be properly sustained at a preliminary hearing unless the summary judgment process is used. *Piper v. Estate of Thompson,* 546 S.W.2d 341 (Tex.Civ.App.—Dallas 1976, no writ); *see* Tex.R.Civ.P. 94. Accordingly, we treat the "dismissal with prejudice" as a summary judgment that plaintiff take nothing.

requirement that the injured employee proceed against the compensation carrier before asserting a third-party claim; therefore, third-party claims are now governed by the general statute of limitations, Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958). *Campbell v. Sonford Chemical,* at 934. In addition to amending article 8307, § 6a, the legislature also enacted article 8309, § 3b (Vernon Supp.1976), which provides:

> No inchoate, *vested, matured, existing* or other rights, remedies, *powers, duties or authority, either of any employe or legal beneficiary, or of the board, or of the association, or of any other. person* shall be in any way affected by any of the amendments *herein made* to the original law hereby amended, but *all such rights, remedies,* powers, duties and authority shall remain and *be in force as under the original law just as if the amendments hereby adopted had never been made,* and to that end it is hereby declared that said original law is not repealed, but the same is, and shall remain in full force and effect as to all such rights, remedies, powers, duties and authority; and further this law in so far as it adopts the law of which it is an amendment is a continuation thereof, and only in other respects a new enactment [emphasis added].

The question presented is whether the date the statute of limitations began to run is governed by the law as it existed before or after the amendment to article 8307, § 6a. Appellee contends that the statute of limitations is procedural, not a vested right, and that it began to run on the effective date of the amendment. Consequently, appellee contends that the appellant's third-party action is barred. We cannot agree because article 8309, § 3b provides that no right or remedy "[will] be in *any way affected* by way of the amendments," and that all rights and remedies "shall remain and be in force as under the original law just *as if the amendments . . . had never been made.*" [emphasis added]. This applies to "inchoate, vested,

matured, existing or other" rights or remedies. The time in which a suit may be brought is part of the remedy available. *American National Ins. Co. v. Hicks,* 35 S.W.2d 128, 130 (Tex.Comm.App.1931, jdgmt. adopted). Construing a similarly worded saving clause concerning a prior amendment to the compensation act, this court rejected the contention that a procedural right was not preserved by the saving clause. *Texas Employers' Ins. Ass'n v. Vineyard,* 340 S.W.2d 106, 108 (Tex.Civ. App.—Dallas 1960, writ ref'd n. r. e.). A general statute of limitations is likewise procedural. *Cohen v. C. H. Leavell & Co.,* 520 S.W.2d 793, 796 (Tex.Civ.App.—El Paso 1975, no writ); *see State of California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 231 (1958). Accordingly, we hold that the limitation period on appellant's right to bring suit even though procedural is governed by the law as it existed prior to the amendment of article 8307, § 6a.

A similar problem was addressed in *Johnson v. Johnson,* 337 S.W.2d 131, 133 (Tex. Civ.App.—Beaumont 1960, no writ). There, the court construed a provision of the Probate Code providing that no accrued right shall be impaired by the provisions of the Code as preserving causes of action and remedies existing at the time the Code was enacted. Thus, the court held that a contest of a will was not barred by the Probate Code limitation period, but rather was governed by the limitation period existing before the Probate Code was enacted. The compensation act . likewise preserves "rights" and "remedies" as they existed prior to amendment. Consequently, this includes the prior limitation period with respect to injuries that occurred before the effective date of the amendment.

Reversed and remanded.

ROBERTSON, J., not participating.