Glen BURKHART, Appellant,

v.

CONCHO INDUSTRIAL SUPPLY, INC., Appellee.

No. 12553.

Court of Civil Appeals of Texas, Austin.

April 13, 1977.

Rehearing Denied April 27, 1977.

Galen A. Moeller, San Angelo, for appellant.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellee.

PHILLIPS, Chief Justice.

The question for decision is whether the filing and prosecution of a workmen's compensation claim tolls the two-year statute of limitations applicable to a tort action arising out of the same injury. The trial court thought not and so held, and we affirm its judgment.

The facts of this case are not in dispute. Appellant was injured in the course of his employment on September 14, 1973. On March 8, 1974, a compromise settlement of appellant's workmen's compensation claim was reached and on March 21, 1974, this settlement was approved by the Industrial Accident Board and the amount of the settlement was paid to appellant. On December 12, 1975, appellant brought his third-party suit against appellee alleging appellee to be guilty of negligence.

As the suit was brought after two years from the date of appellant's injury, appellee contends that the suit was barred by the two-year statute of limitations, Tex.Rev. Civ.Stat.Ann. art. 5526 (1958). We agree.

Prior to September 1, 1973, an injured party who was covered by workmen's compensation was given an election to sue the third party or make a claim under the Workmen's Compensation Act,[1] *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865 (1952). If the injured party elected to proceed under the compensation law and received a final judgment in his favor or received a compromise settlement agreement, then either of these served to toll the statute running against the third-party claim. A claimant's right to sue the third party was barred by limitations two years after the entry of a final judgment or the payment of the award of the Industrial Accident Board. The statute was not tolled against the third party if an injured employee elected to proceed under the compensation law and his case was in litigation for more than two years before a final judgment was entered against him. Such served to bar the third-party claim. To toll the running of the statute against the third-party claim, a compensation claimant had to be successful. This was the law as late as *Campbell v. Sonford Chemical Company,* 486 S.W.2d 932 (Tex.1972); however, here the Supreme Court recognized that this rule might work an injustice on the third-party defendant because of the delay

in pursuing the cause of action against him. The Court attributed such delay to Section 6a of the Workmen's Compensation Act. The Court then urged the Legislature to change the section. Section 6a provided that the employee waived his claim for compensation if he proceeded against the third party prior to final determination of the compensation claim.

In *Campbell* the Court said, "We would strongly urge that the Legislature consider an amendment of Article 8307, Section 6a, to allow the injured workman to file a third-party action without thereby losing his compensation rights. The third-party rights should then be governed by Article 5526."

In 1973 the Legislature amended Article 8307, Section 6a, to allow the employee to proceed either at law against some person other than the subscriber to recover damages or against the association for compensation under the law, and if the employee proceeds at law against the person other than the subscriber, then he cannot be held to have waived his rights to compensation under the law.

The statute of limitations, Article 5526, remained unchanged.

So far as we can ascertain, the case at bar is the first on the point presented since the amendment of Article 8307, Section 6a.

In our judgment, and we so hold, the amendment not only allows a compensation claim and third-party suit to be instituted simultaneously, but it also starts the running of the statute of limitations, Article 5526, from the time of the injury.[2]

Appellant contends that the Supreme Court's pronouncements on the changes advocated in Article 8307, Section 6a, were nothing more than *dicta* ; however, in our judgment, it is *dicta* that we would be prudent to heed. In this respect, see *Valmont Plantations v. State,* 163 Tex. 381, 355 S.W.2d 502, 503 (1962), and *Parker v. Bai-*

---

1. Article 8306, et seq. (1967).

2. Collins, *"Workmen's Compensation,"* 28 Sw. L.J. 131, 135 (1974). Also see *Robinson v.*

*Buckner Park, Inc.,* 547 S.W.2d 60, 61–62 (Tex. Civ.App.1977).

*ley,* 15 S.W.2d 1033, 1035 (Tex.Comm'n App. 1929, holding approved). Also see *Thomas v. Meyer,* 168 S.W.2d 681, 684–5 (Tex.Civ. App.1943, no writ), and *Palestine Contractors, Inc. v. Perkins,* 386 S.W.2d 764, 773 (Tex.1964).

■ The purpose of limitation statutes is to compel the assertion of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses. *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967); *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975).

■ Since the third-party suit was brought more than two years after the date of the injury, the two-year statute of limitations was applicable and the judgment of the trial court is in all things affirmed.

Affirmed.