Chester Paul POTTER et al., Appellants,

v.

Dr. W. E. CRUMP et al., Appellees.

No. 17855.

Court of Civil Appeals of Texas, Fort Worth.

Aug. 18, 1977.

Rehearing Denied Sept. 15, 1977.

**207**

Bader, Wilson, Menaker, Cox & Branson, Bertran T. Bader, III, Frank L. Branson, Dallas, for appellant Chester Paul Potter.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for appellant/intervenor Industrial Indemnity Co.

Fillmore & Camp, and George R. Carlton, Jr., Fort Worth, for appellee Dr. W. E. Crump.

Fillmore, Lambert, Farabee, Purtle & Lee, Larry L. Lambert, Wichita Falls, for appellee Dr. Elsie A. Smith.

Anderson, Henley, Shields, Bradford, Pritchard & Miller, and C. A. Searcy Miller, Dallas, for appellee Bethania Hospital.

## OPINION

SPURLOCK, Justice.

This medical malpractice case was brought by an injured worker against two doctors and the hospital responsible for his treatment following an injury sustained while in the course and scope of his employment. The workmen's compensation carrier intervened, asserting its subrogation rights. Each defendant moved for a summary judgment on the sole ground that the cause of action was barred by the two-year statute of limitations. The motions were granted. Among the issues presented by this appeal is whether this is a third party suit within the meaning of art. 8307, § 6a [1], and whether the amendment to this article started the running of the statute of limitations on its effective date.

We reverse and remand.

Both plaintiff and intervenor have appealed, on essentially the same grounds: the cause of action is not barred by the two-year statute of limitations, art. 5526; the statute of limitations was tolled during the pendency of the workmen's compensation claim, and the amendment of art. 8307, § 6a did not cause the statute of limitations to begin to run. Instead, it began running when the compromise settlement agreement approved by the Industrial Accident Board was paid by the carrier.

Plaintiff, Chester Paul Potter, suffered a right inguinal hernia on January 18, 1972, while in the course and scope of his employment. On April 24, 1972, surgery was performed to repair the injury at Bethania Hospital, by Dr. W. E. Crump, with Dr. Elsie A. Smith administering a spinal anesthetic. The first day after surgery Potter realized some injury had occurred that affected his right leg. There is summary judgment evidence that a spinal nerve was injured during the surgery, the administering of the anesthetic, or the post surgery treatment. The surgeon treated Potter for the disability to his right leg for a period of

1. All references to statutes are to Tex.Rev.Civ. Stat.Ann.

time following surgery. Deposition testimony is to the effect that Potter's disability has continued and will probably continue permanently. The following undisputed dates and the applicable law are determinative of whether the cause of action is barred by the two-year statute of limitations:

January 18, 1972: An industrial accident covered by workmen's compensation insurance occurred, as a result of which Potter sustained a hernia, a specific injury with limited benefits available under § 12b of art. 8306 in the event surgery therefor was successful.

April 24, 1972: Surgery for this injury was performed. The alleged medical malpractice arose out of this surgery and medical treatment. As a result of the alleged negligence plaintiff sustained a general injury to his body, for which increased benefits for total disability are payable under § 10 of art. 8306.

September 1, 1973: This is the effective date of an amendment to the Workmen's Compensation Act, art. 8307, § 6a. Because of this amendment, an injured party no longer is required to elect to proceed against his employer's compensation carrier or the third party tort-feasor.

January 30, 1974: The Industrial Accident Board approved a compromise settlement agreement settling plaintiff's claim against intervenor, the compensation carrier, for a total of $14,648.22.

January 6, 1976: Potter filed the instant suit for medical malpractice, alleging that intervenor should be reimbursed from any recovery. Industrial Indemnity Company later intervened.

Each of the defendants filed a general denial and pled the affirmative defense that plaintiff's right to proceed with his third party action accrued as soon as he discovered the injury, which was more than two years before the suit was filed, and therefore art. 5526, the two-year statute of limitations, barred his cause of action. The defendants also claimed that art. 8307, § 6a, which became effective September 1, 1973, gave plaintiff the right to pursue both his workmen's compensation claim and his third party action simultaneously. Before the effective date of the above described Act, plaintiff could pursue his claim for workmen's compensation insurance, and during this period of time the statute of limitations concerning his third party action was tolled. Defendants argue that this tolling effect ceased on September 1, 1973, and suit was not filed for more than two years after that date.

Defendants further argue that a medical malpractice action is not a third party action within the meaning of the applicable statute, since whatever injury was caused by defendants, if any, occurred after the date of the industrial accident and was not a part of the industrial accident causing the hernia. If they are correct, then the malpractice action must be filed within two years of the discovery or it is barred by the effect of art. 5526.

Not all jurisdictions are in accord as to whether a medical malpractice action qualified as a third party action in workmen's compensation cases. 28 A.L.R.3d 1066, 1079.

In 2A of A. Larson, *Workmen's Compensation Law*, § 72.61 (1976), the law is stated as follows:

§ 72.61 General liability of physicians as third parties

When a physician has no special status under the act conferring immunity, every jurisdiction dealing with the question has recognized in some form that a suit will lie against a physician who has aggravated a compensable injury by malpractice.

In texas, the law is well settled that an action for medical malpractice qualifies as a third party action in workmen's compensation cases. *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964); *Hoffman v. Houston Clinic*, 41 S.W.2d 134, 138 (Tex.Civ. App.—Galveston 1931, writ dism'd); *Pedigo & Pedigo v. Croom*, 37 S.W.2d 1074, 1076 (Tex.Civ.App.—Eastland 1931, writ ref'd).

Appellee Dr. W. E. Crump draws an analogy in his brief concerning a hypothetical

claimant who is injured on the job by a lathe, and several weeks later he is struck by a car which has run a red light. It is true, as appellee Crump contends, that his hypothetical injured worker is not precluded by the workmen's compensation law from suing the negligent automobile driver for the damage done by that driver. That situation, however, is not analogous to the case before us. In Dr. Crump's analogy the driver of the automobile is an intervening cause; however, the alleged negligence of the doctors and the hospital is not an intervening cause.

■ The law in Texas provides that where one has received a personal injury as a result of the negligence of another, he can recover all his damages from the original tort-feasor for all damages proximately traceable to the primary negligence, including all subsequent aggravations the probability of which the law regards as a sequence and natural result likely to flow from the original injury. *City of Port Arthur v. Wallace*, 141 Tex. 201, 171 S.W.2d 480, 483 (1943). This rule applies equally in a case where the initial injury was covered by workmen's compensation insurance, such as *Hoffman v. Houston Clinic, supra*, as well as in a personal injury case where no workmen's compensation insurance is involved, such as *Cannon v. Pearson*, 383 S.W.2d 565, 567 (Tex.1964). The Texas Supreme Court in *Cannon* stated that one who wrongfully injures another is liable in damages for the consequences of negligent treatment rendered by a doctor selected by the injured person in good faith and with ordinary care. Because of this rule of law, the Industrial Indemnity Company paid substantially greater benefits on Potter's claim on the basis of the additional injuries sustained as a result of the alleged malpractice which was a consequence of the industrial accident.

Intervenor contends that the phrase "injury for which compensation is payable" as found in art. 8307, § 6a is broad enough to include any additional damages Potter sustained as a result of the hernia operation, which caused intervenor to pay increased compensation benefits.

■ Claims against third parties, as authorized under the workmen's compensation law, do not need to be limited to the original tort-feasor whose conduct gave rise to the claim, but they may include doctors who are retained by the injured party for the medical treatment which is necessitated by the on-the-job injury.

The Supreme Court of Missouri in *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 918 (1950), has considered the merits of allowing malpractice actions as third party actions in workmen's compensation cases. In that well-reasoned opinion, the Court wrote:

" . . . We perceive no reason for subrogating an employer to his employee's rights against a tort-feasor involving an original injury and denying that subrogation against a tort-feasor, be he physician or other person, aggravating the original injury and adding to the employer's liability through increased compensation for such aggravation under the Act. . . Greater reason exists for allowing an employer subrogation for the compensable aggravation than for an original 'accident arising out of and in the course of' the employee's employment, as the employer is more likely to be without personal fault in connection with the aggravation. . . . ."

We hold that the trial court erred in granting summary judgment for defendants, because this proceeding qualifies as a third party action within the meaning of art. 8307, § 6a.

■ The appellants also contend that the trial court erred in granting defendants' motions for summary judgment, because the cause of action is not barred by the two-year statute of limitations as set forth in art. 5526.

Before the effective date of its amendment, art. 8307, § 6a had the effect of tolling the statute of limitations. The Texas Supreme Court has addressed the statute of limitations issue for third party actions in workmen's compensation cases in *Camp-*

*bell v. Sonford Chemical Company*, 486 S.W.2d 932, 934 (Tex.1972). The Court wrote:

". . . When a claimant elects to proceed under workmen's compensation statutes and qualifies for an award thereunder, the cause of action of the compensation carrier does not accrue against a third party until the amount of the award made by the Industrial Accident Board is paid by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. When either of these events occur, the cause of action matures against the third party and the suit authorized by Section 6a must be filed on such cause of action either by the carrier or by the insured within two years from that date. . . ."

In the case at bar, the cause of action for the medical malpractice did not arise until the award was paid by the carrier. At that time, the two-year statute of limitations began to run. The compromise settlement agreement was entered into on January 30, 1974. The actual award was paid sometime after that date, but the briefs do not indicate the exact date that the award was paid. Potter, however, filed his suit against the three defendants for the alleged medical malpractice on January 6, 1976. Since Potter's cause of action against these defendants did not mature until the award was paid, we hold that Potter timely filed his original petition in this cause before the statute of limitations had run.

■ Another facet of the statute of limitations problem in this case is whether the amendment to art. 8307, § 6a, effective September 1, 1973, caused the statute of limitations to begin running on that date on plaintiff's cause of action. This amendment provided that an injured worker could initiate his third party action before he completed his compensation action without waiving such compensation action. Did this statutory change commence the running of the statute of limitations on all third party actions in existence on September 1, 1973, so that the statute of limitations on all third party actions would run on September 1, *1975*? We think that the change in the statute did not have that effect.

The appellees have taken the position that the amendment to art. 8307, § 6a has retrospective application; however, art. 8309, § 3b provides that no right or remedy "shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, . . . shall remain and be in force as under the original law just as if the amendments hereby adopted had never been made . . . ." This convinces us that the amendment to art. 8307, § 6a is intended by the Legislature to have prospective application only. This precise question was recently considered by the Dallas Court of Civil Appeals in *Robinson v. Buckner Park, Inc.*, 547 S.W.2d 60 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.), and the Court held that the claimant's right to bring a third party action is governed by art. 8307, § 6a as it existed prior to the amendment effective September 1, 1973. We agree with the Dallas Court of Civil Appeals on this point of statutory interpretation.

We have sustained all the appellants' points of error. This cause is reversed and remanded.