Roy **HAWKINS**, Appellant,

v.

**KYSOR INDUSTRIES CORPORATION,**
Appellee.

No. 1729.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 22, 1978.

John O. Roark, Temple, for appellant.

Bill M. Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellee.

CIRE, Justice.

Roy Hawkins appeals from a summary judgment granted in favor of Kysor Industries Corporation.

Appellant's original petition alleges that on May 29, 1974 he was injured while working as an employee of Redman Building Products, Inc. Hawkins claims his injury was caused by a product manufactured by Stone Machinery Company, which has since been taken over by its parent company, Kysor Industries Corporation. A compensation claim between Hawkins and the insurance carrier, Liberty Mutual Insurance Company, was settled and approved by the Texas Industrial Accident Board on November 4, 1974. Hawkins instituted this third-party claim on November 2, 1976, some two and one-half years after the date of the accident.

Kysor Industries Corporation, in its original answer, asserts that Hawkins' suit was barred by article 5526 of the Texas Revised Civil Statutes, the two-year statute of limitations. Pursuant to its answer, Kysor presented its motion for summary judgment which was granted by the trial court.

Hawkins appeals, stating that the trial court erred in granting the summary judgment. In his brief he asserts that the amendment to Texas Revised Civil Statutes article 8307 section 6a did not change the

applicable statute of limitations as to third-party actions and, therefore, Kysor's motion for summary judgment should have been overruled.

In *Burkhart v. Concho Indus. Supply, Inc.*, 549 S.W.2d 469 (Tex.Civ.App.—Austin 1977, no writ history), the Third District Court of Civil Appeals dealt with the same question now presented in this case. In that opinion, after reviewing the history of article 8307 section 6a and the decision of the Supreme Court in *Campbell v. Sonford Chemical Company*, 486 S.W.2d 932 (Tex. Sup.1972), the Court applied the *Campbell* dicta which suggested that, in the event the Legislature amended article 8307 section 6a to allow the injured workman to file a third-party action without losing his compensation rights, his third-party action should then be governed by the two-year statute of limitations, article 5526. The Court held that since the 1973 amendment of article 8307 section 6a, the statute of limitations in third-party actions starts to run from the date of injury, regardless of any pending Workmen's Compensation claim.

We agree with the *Burkhart* decision and, therefore, affirm the decision of the trial court.

Affirmed.