Janice ALLBEE, Appellant,

v.

P. L. DAY, M.D., Appellee.

No. 16444.

Court of Civil Appeals of Texas, San Antonio.

March 4, 1981.

Rehearing Denied April 15, 1981.

Bill Zook, Gibbins & Wash, Austin, for appellant.

Jerry Gibson, Plunkett, Gibson & Allen, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a medical malpractice suit in which plaintiff, Janice Allbee, appeals from a summary judgment in favor of defendant, P. L. Day, M.D. The summary judgment is based on the ground that plaintiff's cause of action is barred by the two-year statute of limitations.

Plaintiff sustained an on-the-job injury, compensable under our Worker's Compensation Statutes, on March 25, 1972. The alleged malpractice occurred during the period from October 31, 1974, through March 28, 1975, during which period defendant was treating plaintiff for the effects of the 1972 injury.

Although the injury occurred in March, 1972, plaintiff did not file her claim for compensation until June 8, 1973. On November 14, 1975, plaintiff and the compensation carrier entered into a settlement agreement, and on December 22, 1975, the compensation carrier paid plaintiff the compensation called for in the settlement agreement. Plaintiff filed this malpractice suit against defendant on October 31, 1977.

It is apparent that plaintiff's suit is barred by limitations, since the malpractice, if any, occurred more than two years before this suit was filed, unless plaintiff is correct in her contention that her cause of action against defendant did not arise until the settlement (November 14, 1975) or payment (December 22, 1975) of her claim for compensation.

Prior to September 1, 1973, Tex.Rev.Civ. Stat.Ann. art. 8307, § 6a (Vernon 1967), provided that where an employee suffered an injury compensable under the Worker's Compensation law and such injury was caused under circumstances creating a liability in some person other than the subscriber to pay damages, the employee could "at his option, proceed either at law against that person to recover damages or against the [compensation carrier] for compensation under [the Worker's Compensation] law, but not against both," and if he elected "to proceed at law against the person other than the subscriber," then he could not recover under the Worker's Compensation law.

Under the statute as it existed prior to its amendment in 1973, it was firmly established that the two-year statute of limitations with respect to the third party action was tolled if the injured employee "elected" to proceed under the Worker's Compensation Law and was successful. Under such circumstances, his action against the third party did not accrue until the carrier's liability became fixed, that is, until the full extent of the carrier's obligation was determined. *Campbell v. Sonford Chemical Co.*, 486 S.W.2d 932 (Tex.1972).

In *Campbell*, the suit against the third party was filed almost five years after the injury to the employee. The Supreme Court noted the hardship which might be imposed on the third party because of the rule that limitations did not run in his favor until the compensation carrier paid or assumed to pay the compensation claim. The court then pointed out that the injustice worked on the third party resulted from the requirement in "Section 6a, which provides that the employee waives his compensation claim if he proceeds against the third party prior to final determination of the [compensation] claim." The court then "strongly" urged the legislature to "consider an amendment of Article 8307, section 6a, to allow the injured workman to file a third party action without . . . losing his compen-

sation rights." With such an amendment, according to the supreme court, the rights of the third party would "then be governed by Article 5526 [the two-year statute of limitations]." 486 S.W.2d at 934.

In 1973 the legislature, apparently in response to the supreme court's statements in *Campbell*, amended section 6a by eliminating the language putting the employee to an "election." This amendment, which became effective September 1, 1973, provides that where an employee suffers a compensable injury under circumstances which give the employee a cause of action against a third party, the employee may pursue both his action for compensation and his claim against the third party, without waiving his rights under the compensation statutes. Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1980).

> The 1973 amendatory act provided that, No inchoate, vested, matured, existing or other rights, remedies, powers, duties or authority, either of any employee or legal beneficiary, or of the board, or of the association, or of any other person shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, powers, duties and authority shall remain and be in force as under the original law just as if the amendments hereby adopted had never been made, and . . . it is hereby declared that said original law is not repealed, but the same . . . shall remain in full force and effect as to all such rights, remedies, powers, duties and authority . . . .

Tex.Rev.Civ.Stat.Ann. art. 8309, § 3b (Vernon Supp.1980).

Apparently, the first case considering the result of the 1973 amendment to section 6a was *Robinson v. Buckner Park, Inc.*, 547 S.W.2d 60 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). In that case the compensable injury, which resulted from the negligence of a third party, occurred prior to the effective date of the 1973 amendment and the Court declared that the saving clause (Article 8309, § 3b) had the effect of continuing the pre-1973 rule concerning application of

limitations to the third party action as the governing rule, so that limitations did not begin to run in favor of the third party until the compensation claim had been determined. However, in what may be properly considered as dictum, the court said that the elimination of the requirement that the employee proceed against the compensation carrier before pursing his claim against the third party had the effect of causing limitations to run in favor of the third party as of the date of the compensable injury. 547 S.W.2d at 61–62.

Later the same year, in *Burkhart v. Concho Industrial Supply, Inc.*, 549 S.W.2d 469, 470 (Tex.Civ.App.—Austin 1977, no writ), it was held that the 1973 amendment had the effect of starting "the running of the statute of limitations [concerning the employee's claim against the third party] from the date of the injury." In reaching this conclusion the court relied heavily on the dictum in *Campbell* concerning the desirability of an amendment of section 6a eliminating the requirement that the employee proceed first against the compensation carrier and the effect which such amendment would have on the question of limitations.

The rule that the pre-1973 version of section 6a had the effect of tolling the running of the statute of limitations in favor of the third party was first announced in a case in which the carrier, after paying the compensation claim, asserted the subrogation rights given it against the third party by other provisions of section 6a. The court reasoned that since, under the subrogation provisions of section 6a, the carrier's rights to subrogation did not come into existence until payment of the compensation claim to the injured employee, no cause of action based on the theory of subrogation could accrue prior to such payment. However, the court also pointed out that the statutory prohibition against a suit by the employee to enforce his rights against the third party until the compensation claim had been pursued to a final successful conclusion necessarily had the effect of suspending the running of limitations until the final successful termination of his compen-

sation claim. *Fidelity Union Casualty Co. v. Texas Power & Light Co.*, 35 S.W.2d 782, 783–84 (Tex.Civ.App.—Dallas 1931, writ ref'd).

If the tolling of limitations was the result of the old provision prohibiting suit by the employee against the third party until his claim for compensation was prosecuted to a final and successful conclusion, it is clear that, as indicated in *Campbell* and *Robinson*, and as held in *Burkhart*, the elimination of that prohibition destroyed the rule concerning the suspension of the running of the statute of limitations.

The case before us differs from both *Robinson* and *Burkhart*, where both the injury and the cause of action against the third party arose at the same time, because here the injury occurred prior to the effective date of the 1973 amendment, while the alleged circumstances creating defendant's liability did not occur until a later date, after the effective date of the 1973 amendment. Therefore, the rule that the period of limitations applicable to plaintiff's suit against the defendant begins to run on the date of the injury cannot be applied, since on that date plaintiff had no cause of action against defendant. To apply that rule in this case would mean that plaintiff's cause of action for defendant's negligence would have been barred before defendant's negligence occurred.

Because the facts of this case prevent the consideration of either *Robinson* or *Burkhart* as controlling, we must construe the effect of the saving clause (Article 8309, § 3b) independently of any prior decision which has been called to our attention.

The saving clause is applicable to "inchoate, vested, matured, existing or other rights." These enumerated rights are the only ones which the legislature declared to be unaffected by the 1973 amendment. It is clear that the saving clause must be construed to apply to such rights as were "inchoate, vested, matured or existing" at the time of the effective date of the amendment. It cannot be reasonably argued that the addition of the phrase, "or other rights," following the enumeration of the

rights protected, had the effect of making the statute inapplicable to rights arising after the effective date of the act. Such an interpretation is precluded, without reference to the rule of *ejusdem generis*, because it would drain the legislation of both retroactive and prospective effect and transform it into useless legislation.

■ We have no quarrel with plaintiff's argument that an action for medical malpractice in treatment of a compensable injury qualifies as a third-party claim under section 6a. *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964). We also agree that the fact that the malpractice in treatment of the injury did not occur until a date subsequent to the date of the injury does not effect the characterization of the claim against the doctor as a third-party claim. *Potter v. Crump*, 555 S.W.2d 206, 209 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n. r. e.). *Robinson* lends support to the contention that where both the injury and the facts giving rise to the third party's liability occurred prior to September 1, 1973, even if they did not occur simultaneously, the 1973 amendment is irrelevant on the question of limitations. Under such circumstances the employee's rights against the third party were clearly in existence prior to the effective date of the 1973 amendment and are within the protection of the saving clause.

In this case, on September 1, 1973, plaintiff had no right against defendant that can be classified as "vested, matured [or] existing." While it is often said that there is no right without a remedy, the notion of a remedy without a right is untenable, since remedies exist only for the purpose of enforcing rights. The result is that on the effective date of the 1973 amendment plaintiff had no vested, matured or existing remedy insofar as defendant was concerned.

Plaintiff's right which he now seeks to enforce against defendant cannot be classified as a right which was "inchoate" on the effective date of the 1973 amendment. According to Black's Law Dictionary 904 (4th ed.1968), "inchoate" means "imperfect; partial; unfinished; begun but not completed; ...." In Ballantine's Law Dictionary

With Pronunciations 623 (1948), the word is defined as "imperfect; incipient; not completely formed." According to Webster's New International Dictionary 1257 (2d ed. 1959), the word means "recently or just begun; beginning, incipient; partly but not fully; in existence or operation; existing in its elements; incomplete."

No definition of "inchoate" with which we are familiar justifies the conclusion that on September 1, 1973, plaintiff had an "inchoate right" against defendant in this case. On that date no relationship existed between plaintiff and defendant which gave rise to any duty on the part of defendant. It may, perhaps, be argued that on that date plaintiff had a "right" that no person engage in wrongful conduct which would result in injury to plaintiff or aggravate plaintiff's existing injury. To classify this interest as an "inchoate right" would render the 1973 amendment substantially ineffective. Under such a definition, at least any person employed prior to September 1, 1973, in an occupation covered by the compensation law would, on that date, have an inchoate right to recover compensation for an on-the-job injury, and the saving clause would apply to any such injury suffered after September 1, 1973. Had the legislature intended to make the amendment inapplicable to all persons employed in covered occupations on or before September 1, 1973, it could have expressed such intent in language far simpler than that which it used in the saving clause.

We conclude that since defendant's tortious conduct, if any, in this case occurred after September 1, 1973, the saving clause embodied in the 1973 amendment is inapplicable, although the compensable injury occurred prior to September 1, 1973. At the time the alleged malpractice occurred in this case, plaintiff could have, as a result of the 1973 amendment to section 6a, pursued his remedy against defendant without waiving his right to the compensation due him under the Worker's Compensation Law. Since plaintiff filed this suit more than two years after the occurrence of defendant's alleged tortious conduct, the trial court correctly granted defendant's motion for summary judgment on the ground that plaintiff's cause of action was barred by the two-year statute of limitations.

Nothing in this opinion is to be construed as expressing any view concerning the effect of the 1973 amendment on an effort of the compensation carrier to assert its subrogation rights against the third-party tortfeasor.

The judgment of the trial court is affirmed.