**COMMERCIAL INSURANCE CO. OF NEWARK, N. J., Appellant,**

v.

**Annie EDMONDS, Independent Executrix of the Estate of Leroy Edmonds, et al, Appellees.**

**No. 8667.**

Court of Appeals of Texas, Beaumont.

Sept. 10, 1981.

J. B. Whittenburg, Orgain, Bell & Tucker, Beaumont, for appellant.

Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

DIES, Chief Justice.

In June of 1975, Fred Seal, while in the employment of Shivers Well Service, Inc., was killed as a result of a collision with a vehicle operated by Robert St. Andre and owned by Edmonds Brothers Farms. Seal was in the course and scope of his employment for Shivers Well Service, which carried its worker's compensation coverage with the plaintiff below, Commercial Insurance Company of Newark, New Jersey. Seal's sole surviving beneficiary is his wife, Thelma Seal. Following his death, plaintiff below paid death benefits to his wife as provided in the Texas Worker's Compensation Act.

Thelma Seal brought suit against Edmonds Brothers Farms alleging negligence on the part of their driver. This case was settled out of court with Thelma Seal being paid the sum of thirty-five thousand dollars ($35,000) by Southern Farm Bureau Casualty Insurance Company on behalf of its insured, Edmonds Brothers Farms. The release given by Thelma Seal contained language that Thelma Seal was retaining all her rights under the Texas Worker's Compensation Act.

Plaintiff below, the compensation carrier, brought this suit under *Tex. Rev. Civ. Stat. Ann. art. 8307, § 6(a)* (1967), alleging subrogation rights in the sums which plaintiff may become liable to Thelma Seal in the future in the way of compensation death benefit payments. It has been reimbursed for all benefits already paid. Plaintiff's (compensation carrier) liability for future payments to Thelma Seal is entirely contingent and dependent upon her living beyond February 24, 1985, and remaining unmarried.

In 1973, the Worker's Compensation Act was amended to permit an injured employee to sue a third party tort feasor prior to the final disposition of his compensation claim without any waiver or release of his rights to worker's compensation benefits. Since that time, the following cases have held that the statute of limitations against a third party tort feasor will run from the date of the injury, rather than from the date that the employee's compensation claim is concluded. *Burkhart v. Concho Industrial Supply, Inc.*, 549 S.W.2d 469 (Tex.Civ.App.—Austin 1977, no writ); *Hawkins v. Kysor Industries Corp.*, 562 S.W.2d 565 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Broyles v. Coley Properties*, 562 S.W.2d 566 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

In the case at bar, the trial court granted the defendants' motion for summary judgment, which brings this appeal by the plaintiff, the compensation carrier.

Plaintiff argues and with appeal that the summary judgment destroyed its right of subrogation granted to compensation carriers in *Tex. Rev. Civ. Stat. Ann. art. 8307, § 6(a)* (1967). It urges that the portion of the settlement amount which represents an advance against future benefit payments will be exhausted in a few years, and it (plaintiff's compensation carrier) will be required to resume compensation payments to Thelma Seal; that a compensation carrier has subrogation rights against the third party tort feasors where a settlement fig-

ure is insufficient to reimburse the plaintiff for compensation benefits which it will become obligated to pay in the future, citing *Pan American Insurance Co. v. High Plains Haulers, Inc.*, 163 Tex. 1, 350 S.W.2d 644 (1961); *Capitol Aggregates, Inc. v. Great American Ins. Co.*, 408 S.W.2d 922 (Tex. 1966); that should Thelma Seal live beyond February 24, 1985, and remain unmarried, plaintiff's (compensation carrier) right of subrogation would be barred by the statute of limitations, as now interpreted by the cases cited in this opinion.

On the other hand, the defendants (appellees) argue with equal appeal that the summary judgment is proper because there is no justiciable controversy, citing *Fireman's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968) *; *Orange Ind. School Dist. v. West Orange Ind. School Dist.*, 390 S.W.2d 81 (Tex.Civ.App.— Beaumont 1965, writ ref'd n.r.e.); *Dillingham v. West Texas Utilities Company*, 403 S.W.2d 491 (Tex.Civ.App.—Eastman 1966, no writ).

Recognizing the near impossibility of harmonizing the cases and statutes discussed in this opinion, plaintiff's attorney in oral argument suggested leaving the case on the docket until the contingency is resolved, February 24, 1985. We are not convinced this would be a suitable solution.

We hold that the summary judgment granted below was proper because there is no justiciable controversy at this time.

All points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

---

* The court said at p. 333: "... the Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations...."